JOHNSON, Judge.
This is an appeal from a final decree and judgment entered by the Circuit Court of Columbia County, Florida, Hon. Samuel S. Smith, Judge, upon motion for judgment made by the plaintiffs upon an award of arbitration.
This suit involved an uninsured motorist provision in an insurance policy held by the appellees at the time of an accident involving the appellees, who were plaintiffs below.
After a judgment had been had against the uninsured motorist and collection thereof failed, the-plaintiffs filed for declaratory decree against their insurance carrier. Upon motion of the appellant insurance carrier for a summary judgment, the trial court granted same and directed the parties to proceed to arbitration of the matters upon which they disagree in accordance with the Florida Statutes. The arbitration was had and an award -made in *802 favor of the plaintiffs and presented to the court. In the original award so presented, no award as to costs was included. The court called two of the arbitrators and requested they attend the hearing. At the hearing, the two arbitrators announced to the court that they understood that the costs of the arbitration, to wit: $225.00 should be borne equally by the parties. Objection as to such amount was made by counsel for.the plaintiffs, contending that Chapter 57.04, Florida Statutes, governed the amount of fees. The court announced that it was going to deny plaintiffs’ prayer for attorneys fee, and assess all costs against the defendant. Then one of the arbitrators wrote on the award that “costs in the amount of $225.00, representing arbitrators’ fee, are taxed against the Defendant.”
Based on this award, the final judgment was entered, hence this appeal.
Under Florida Arbitration Code, which is Chapter 57-402, Acts of the Florida Legislature of 1957, now found in Florida Statutes Chapter 57, sections 57.10 through 57.31, F.S.A., we find in section 10 of Chapter 57 — 402, that the arbitrators’ expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award. (Emphasis supplied.)
Chapter 57.04, Florida Statutes, F.S.A., referred to by the respective counsel, was enacted as paragraph 1, Chapter 26964, Acts of 1951. The Florida Arbitration Code was enacted in 1957 and did not provide for nor carry with it, the provisions of Chapter 57.04, but instead provided for the cost as now found in Section 57.20, Florida Statutes, F.S.A. Therefore, Chapter 57.04 is not applicable to the case sub judice. 'This Section is not even carried forward in Florida Statutes 1965.
The appellee, by cross assignment of error, strenuously urges that since he was required to institute this action in order to enforce his rights under the insurance contract issued by the appellant, he should be entitled to an attorney’s fee as provided by the applicable statute relating thereto.
The record reveals that the suit instituted by the appellee was one for declaratory decree which culminated in a summary final decree in favor of the appellant insurance company, the ultimate effect of which was to order arbitration as provided in the policy in the uninsured motorist clause. The appellee did not prevail in the action brought by him against the insurer.
If appellee is entitled to an attorney’s fee, it will have to be with respect to the judgment awarded him in the arbitration proceedings. The question presented for our decision is whether one who is awarded a judgment in an arbitration proceeding under Chapter 57, F.S., is entitled to attorneys’ fees as a matter of law, in the absence of a special agreement therefor. This question was presented to the Second District Court of Appeal in the recent case of Tassinari v. Loyer.[1] After analyzing the provisions of Chapter 57 relating to arbitration, that court, speaking through Judge Shannon, concluded that attorneys’ fees were not allowable as a matter of law to the successful party. Based upon that decision it is our conclusion that the trial court was correct in denying appellee an award for attorneys’ fees in the case sub judice.
The award, as finally filed before the court, having fixed the amount of damages, the amount of arbitrators’ fee as costs and assessed the same against the defendant, and having denied attorneys’ fees, the trial court was correct in entering a final judgment based thereon. For the reasons stated, said judgment is affirmed.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., J., concur.

. Tassinari v. Loyer (Fla.App.1966), 189 So.2d 651, opinion filed August 31, 1966.