**JOSEPH TROCKI, Plaintiff**

**v.**

**AVILINO MENDOZA and ELLIETTE MEDINA GONZALEZ DE MENDOZA, Defendants**

Civil No. 96/1977

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

August 8, 1978

ARNOLD M. SELKE, ESQ., St. Thomas, V.I., *for plaintiff*

CLARICE A. BRYAN, ESQ., St. Thomas, V.I., *for defendants*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

The above captioned matter came on to be heard on April 21, April 26, and May 24, 1978, after which the court orally rendered its Findings of Fact and Conclusions of Law. The court found that the defendant had been unjustly enriched and thus awarded the plaintiff $1,200, costs of the action, and $400 in attorney's fees. As a result, the court requested counsel for plaintiff to submit a proposed judgment consistent therewith. The judgment submitted awards $1,200 to the plaintiff "with interest at the rate of nine percent (9%) per annum from October 1, 1976," plus costs in the amount of $125 and a reasonable attorney's fee in the sum of $400.00.

The defendant by letter addressed personally to the court and dated June 26, 1978, objected to the proposed award of interest on the grounds that there was no evidence to support such an award, that no request for interest was made in the pleadings or during trial, and because the court did not specifically make such an award on the record. Plaintiff, in reply, cites 11 V.I.C. § 951(a)(1) and (4) as authority for the award of prejudgment interest.[1]

---

[1] (a)  The rate of interest shall be 9 per centum per annum on
    (1)  all monies which have become due;

The plaintiff's reliance on 11 V.I.C. § 951(a) is unfounded. That section provides for prejudgment interest on "all *monies* which have become due," § 951(a)(1), or on "*money* due or to become due where there is a contract and no rate is specified." § 951(a)(4). (Emphasis added.) However, no "money" was ever due to plaintiff as that term is used in § 951. In his complaint plaintiff alleged:

4. Plaintiff and Defendant . . . Mendoza entered into an agreement to the following effect: If Plaintiff repaired a certain boat belonging to Mendoza, then Mendoza would grant plaintiff a one half interest therein.

5. Plaintiff repaired the boat . . .

7. Thereafter, Defendants asserted that Plaintiff had no interest in the boat.

Plaintiff further alleged that the reasonable value of his services in repairing the boat was $10,000, and sought a judgment in that amount as well as declaratory relief for a one-half interest in the boat.

■ At trial, Mr. Trocki sought to prove the existence of an agreement between himself and the defendant. At no time did he ever suggest that any *money* was due him under this agreement. He merely contended that in exchange for his time and labor a *return performance* was due him, to wit, the transfer of a one-half interest in the boat. Defendants' failure to transfer that interest to Mr. Trocki gave rise to plaintiff's cause of action, which ultimately resulted in an award of damages. Monetary damages, however, are not synonymous with monies that

---

(2) money received to the use of another and retained beyond reasonable time without the owner's consent, either express or implied;

(3) money due upon the settlement of matured accounts from the day the balance is ascertained; and

(4) money due or to become due where there is a contract and no rate is specified.

(b) Interest at a rate not exceeding 12 per centum per annum may be charged on contracts by express agreement of the parties, except that on first priority mortgages on real estate the maximum legal rate shall be 9 per centum.

258

have become due or monies that are due under a contract as envisioned by 11 V.I.C. § 951(a)(1) and (4). Damages are merely the remedy to which the plaintiff is entitled. As such, it is not "money" within the meaning of § 951(a).

■ Moreover, this court was not persuaded that, in fact, there was an express contract between the parties. Nevertheless, the court believed that the plaintiff was entitled to compensation to avoid the defendant being unjustly enriched. Restatement of Restitution §§ 1, 4(f), 40(c); see also Comment d to § 40. An award of interest pursuant to § 951(a) under this factual situation, where the performance is incapable of precise valuation, would be in contravention of the intent of that section, which is to award interest only where the amount due is in money and, therefore, easily ascertainable.

■ The matter does not end here, however. Pursuant to the Restatement of Contracts § 337(b) (1932) interest may be awarded at the statutory legal rate "in the discretion of the court if justice requires it."[2] The court believes that justice does require an award of interest to Mr. Trocki. First, Mr. Mendoza's refusal to even minimally compensate Mr. Trocki was wrongful and entirely unreasonable under the circumstances. Second, Mr. Trocki has been without the use of the boat (as per his understanding) or just compensation for his labor since October 1, 1976, nearly two years. Justice requires that he be compensated not only for the value of his services but also for the time spent litigating to collect on it. In addition, discretion can and should take note of the equities pre-

---

[2] If the parties have not by contract determined otherwise, simple interest at the statutory legal rate is recoverable as damages for breach of contract as follows:

. . . .

(b) where the contract that is broken is of a kind not specified in Clause (a), interest may be allowed in the discretion of the court, if justice requires it, on the amount that would have been just compensation if it had been paid when performance was due.

sented, which in this case weigh heavily in favor of Mr. Trocki.[3]

Let judgment issue hereon.

---

[3] Cf. The Boathouse, Inc. v. Waggoner —V.I. —(D.V.I. 1978), where Judge Christian relied on § 337(b) to exercise his discretion in awarding prejudgment interest on the defendant's counterclaim.