**MABEL DALE INGVOLDSTAD by and through her Attorney-in-Fact, DALE I. MEYER, Plaintiff**

**v.**

**KINGS WHARF ISLAND ENTERPRISES, INC., Defendant**
**and**

**CHASE MANHATTAN BANK, N.A., Intervenor**

Civil No. 1983/36

District Court of the Virgin Islands

Div. of St. Croix

September 30, 1983

MARIA TANKENSON HODGE, ESQ., St. Thomas, V.I., *for plaintiff*

JEAN–ROBERT ALFRED, ESQ., Christiansted, St. Croix, V.I., *for defendant*

JOHN F. JAMES, ESQ., Christiansted, St. Croix, V.I., *for intervenor*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

When this Court entered its judgment on August 2, 1983, and permitted the plaintiff to file an application for an award of attorney's fees and other costs, the defendant filed a motion to alter or amend the judgment to delete any allowance for attorney's fees and other costs. The plaintiff did submit an application for such fees and other costs, and both parties have submitted memoranda in support of their respective positions. For the reasons cited in this opinion, the Court does not have discretion to award any attorney's fees to the prevailing party. The judgment will be amended accordingly.

## I. FACTS

The plaintiff originally brought this action for forcible entry and detainer. The defendant moved to enforce the arbitration clause in the lease to which both parties are bound. The lease contains a provision for arbitration of disputes between the parties, and that the decision of the arbitrators "will be binding on the parties hereto."

The Court ordered arbitration according to the lease and the matter was presented to the three arbitrators selected. Their findings were filed with the Court, and the Court then entered judgment on the findings, which included a provision that the plaintiff could make application for an award of attorney's fees and other costs.

The Court did not, in its decision of August 2, 1983, permit termination of the lease as requested by the plaintiff, but relief of a less drastic nature was ordered. The defendant now claims that the plaintiff was not, in fact, the prevailing party and for that reason should not be awarded any attorney's fees and other costs. Additionally, the defendant argues that even if the plaintiff is the prevailing party, the Court should exercise its discretion in the matter and refuse any such award.

## II. WHO IS THE PREVAILING PARTY?

Title 5 V.I.C. § 541 allows an award of attorney's fees and other costs to "the prevailing party . . . in maintaining the action or defenses thereto." If this statute is applicable, such an award is still a matter for the discretion of the Court. The statute itself does not define precisely who a prevailing party is, and we are left to other authority to make that determination.

In short, we must determine whether the relief that was fashioned by the Court for the plaintiff was sufficient to make the plaintiff the prevailing party. Generally, the prevailing party is a party in whose favor the decision or verdict is rendered and judgment is entered. Black's Law Dictionary 1069 (rev. 5th ed. 1979). For purposes of an award under the so-called "cost statutes" such as 5 V.I.C. § 541, the prevailing party is the party who has an affirmative judgment rendered in his favor at the conclusion of the entire case. Ennis v. Ring, 341 P.2d 885, 889 (Wash. 1959), Seiken v. Todd Dry Dock, 67 A.2d 131, 135 (N.J. 1949); Nash v. Raun, 67 F.Supp. 212, 218 (W.D. Pa. 1946).

The Supreme Court has recently stated:

> [a] typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit parties sought in bringing suit. Hensley v. Eckerhart, 103 S.Ct. 1933, 1939 & n.8 (1983), quoting Nadeau v. Helgemoe, 581 F.2d 275, 278–79 (1st Cir. 1978).[1]

In this circuit it is settled law that as long as a plaintiff achieves some of the benefits sought in maintaining a lawsuit, even though that plaintiff does not ultimately succeed in securing the judgment sought, the plaintiff can be considered the prevailing party for purposes of a fee award. NAACP v. Wilmington Medical Center, Inc., 689 F.2d 1161, 1166 (3d Cir. 1982). See also Sullivan v. Pa. Dept. of Labor & Indus., 663 F.2d 443, 449 (3d Cir. 1981); Bagby v. Beal, 606 F.2d 411, 415 (3d Cir. 1979).

---

[1] In another recent Supreme Court opinion, the Court drew a distinction between a "prevailing party" and a "partially prevailing party", for the purpose of awarding attorney's fees pursuant to the Clean Air Act § 307(f). Ruckelshaus v. Sierra Club, 103 S.Ct. 3274, 3278–79 (1983). But other cases hold that the extent of a plaintiff's success is a crucial factor in determining the amount of the award not the eventuality of it. See Hensley, supra at 1943; Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

Applied to the case herein, it is clear that the plaintiff did prevail. She obtained a decision that the defendant was in default of the lease, and relief was fashioned to cure the various conditions of default, together with a warning that continued default could remove the protection that a court of equity has thus far provided. Accordingly, in our view, the plaintiff is the prevailing party. But before we can consider any award of attorney's fees and other costs, we must further determine whether 5 V.I.C. § 541 applies in this case.

## III. APPLICABLE LAW

There are actually two proceedings involved in this matter. One proceeding is the quasi-judicial arbitration proceeding which was held pursuant to the written agreement of the parties. The second is the action herein in which the Court, having personal and subject matter jurisdiction, essentially confirmed the decision of the arbitrators while also making conclusions of law of an equitable nature based on such findings.

### A. *The Arbitration Proceeding*

The arbitration proceeding consumed at least three days, and no doubt much of the time and expense of both parties was involved in the preparation for and presentation of their respective cases to the arbitrators. The only discussion of costs by the arbitrators in their findings is in Paragraph No. 33 where it is directed that "the parties shall bear equally the cost of the arbitrators and reporter in accordance with billings submitted to them and the Court."

The plaintiff does not appear to seek reimbursement for those expenses, but she does seek an award for the other costs, and the attorney's fees expended by her as plaintiff, which are related to the arbitration proceeding. The first question we must answer in that regard is whether 5 V.I.C. § 541 applies to an arbitration proceeding under conditions agreed to in writing by the parties. As previously noted, that section simply states that an award of such costs is available, in the discretion of the Court, to the prevailing party ". . . in maintaining the action or defenses thereto." We view the arbitration proceeding provided for in the written lease as a separate, quasi-judicial action, in a forum created by the parties for the resolution of their dispute. The very purpose of such an agreement is to avoid the necessity of resorting to a court for a judicial determination of the dispute, with its attendant expenses. That being the case, the attorney's fees and costs of the arbitration proceeding

itself, as distinct from an action in court to confirm the results of the proceeding, is not part of the cost of "maintaining the action or defenses thereto" as contemplated in section 541.

██ Case law supports the general view that attorney's fees and other costs for an arbitration are not recoverable by either party as against the other, in the absence of the express agreement of the parties, or a statute providing therefor. We hold herein that 5 V.I.C. § 541 does not cover the costs of the arbitration, and there is no other statute which fills the void. See Hartford Accident & Idem. Co. v. Holton, 190 So.2d 801, 802 (Fla. 1966); Tassinari v. Loyer, 189 So.2d 651, 653 (Fla. 1966); Gerard v. Salter, 304 P.2d 237, 243 (Ca. 1956).

The agreement of the parties makes no mention of how the costs of the arbitration are to be divided. The arbitrators split the cost of the court reporter and the arbitrators' fees equally between the parties. An inference can certainly be drawn from the action of the arbitrators that all other costs were intended to be borne by the party making the expenditure.

The position that attorney's fees are not usually awarded in arbitration proceedings is consistent with a strong public policy favoring arbitration which would be seriously undercut if a party could obtain an award of such fees merely by filing a complaint as an initial step in the arbitration process. Harold's Trucking v. Kelsey, 584 P.2d 1128, 1130 (Alaska 1978).

██ Thus we hold that, notwithstanding the plaintiff is the prevailing party in this matter, she would not be entitled to an award of attorney's fees and other costs for the arbitration proceeding.

B. *The District Court Action*

The plaintiff's application for an award also includes a claim for time spent in preparation for, research for, and attendance in the District Court in connection with this case. This raises the important question of under what basis the entire matter is before the Court. The action began as a claim for forcible entry and detainer, but it was quickly superceded by a motion by the defendant to compel arbitration. The Court granted that motion, and all of the Court proceedings from that time resulted from the arbitration proceeding.

The action of the Court in compelling arbitration as agreed to by the parties in writing was based on the jurisdiction conferred on it by 9 U.S.C. § 1 et seq., the Federal Arbitration Act. Any issue as to whether this District Court has jurisdiction under the Act was put

to rest in Econo-Car International, Inc. v. Antilles Car Rental, Inc., 11 V.I. 258, 499 F.2d 1391 (3d Cir. 1974). A comprehensive discussion of that Act's applicability to the District Court of the Virgin Islands can be found in Sewer v. Paragon Island Homes, Inc., 9 V.I. 290, 351 F.Supp. 596 (D.V.I. 1972).

Since the Court's authority to order arbitration springs from the Act, and since it had both personal and subject matter jurisdiction, it could enter judgment on the findings of the arbitration panel as a judgment of the Court. Marine Transport Corp. v. Dreyfus, 284 U.S. 263, 275–76 (1931).

■ Because we view the proceeding before us as a matter involving our federal jurisdiction under the Federal Arbitration Act, the question arises whether any award of attorney's fees and other costs may be made in conjunction with such a proceeding. In Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240 (1974), the Supreme Court upheld and reasserted the "American Rule" which provides that attorney's fees are not ordinarily recoverable by the prevailing litigant in federal litigation in the absence of statutory authorization. Although this rule has been criticized and courts have been urged to find exceptions to it, the Court found it to be deeply rooted in our history and in congressional policy, and refused to invade the legislature's province by redistributing litigation costs. Alyeska, supra, at 270 n.45 & 46, 271.

■ Congress has authorized the assessment of attorney's fees in favor of prevailing parties in many instances. (For a list of federal statutes allowing attorney's fees up to 1974, see Alyeska, supra, at 260 n.33.) Title 9 of the United States Code makes no provision for the award of attorney's fees in cases before a federal court. Thus, no award can be made under the Act. General Drivers v. Sears, Roebuck & Co., 535 F.2d 1072 (8th Cir. 1976); Lackawanna Leather v. United Food, 692 F.2d 540 (8th Cir. 1982).

■ There is, however, an exception to the "American Rule." When the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons, courts have an inherent equitable power to award attorney's fees. Hutto v. Finney, 437 U.S. 678, 689 (1978); F. D. Rich Co. v. Industrial Lumber Co., 417 U.S. 116, 126, 131 (1974); Fleischmann Corp. v. Maier Brewing, 386 U.S. 714, 717 (1967).

The plaintiff argued in her Post-Arbitration Memorandum of Facts and Law (pp. 9–10) that the defendant did act in bad faith with respect to the defaults in provisions of the lease. The arbitra-

tors, however, made no findings of bad faith, and this Court does not find any bad faith on the part of the defendant. The exception does not apply.

Therefore, the Court is not free to fashion an award of attorney's fees where Congress has not done so.

## CONCLUSION

The defendant's motion to alter or amend the judgment will be granted, and any award of attorney's fees and other costs will be denied.

## ORDER AMENDING JUDGMENT

THIS MATTER is before the Court on motion of the defendant for an order amending the judgment of the Court previously entered. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED, ADJUDGED AND DECREED:

THAT the judgment of this Court entered on August 2, 1983, be and the same is hereby amended to delete any provision for filing an application for attorney's fees and other costs, and by the addition of the following language:

> Each party shall bear her or its own costs, including attorneys' fees.