**ROBERT REMOLE, Plaintiff**

v.

**DANIEL SULLIVAN, AIA, Defendant**

Civil No. 554/1980

Territorial Court of the Virgin Islands
Div. of St. Thomas and St. John

June 7, 1984

PAUL HOFFMAN, ESQ., St. Thomas, V.I., *for plaintiff*

SAMUEL H. HALL, ESQ., St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

The court is required to decide whether it has the authority to award costs and attorney's fees and prejudgment interest to a prevailing party as a result of an arbitration proceeding that was ordered by this court.

This matter was initiated by the plaintiff filing a suit for damages for architectural malpractice, but was stayed after the defendant moved to dismiss on the grounds that the contract contained a provision for arbitration. In order to avoid forum shopping between this court and the District Court of the Virgin Islands, in which a similar arbitration provision would be enforceable under federal law, the court ordered arbitration. Remole v. Sullivan, 17 V.I. 193 (Terr. Ct. 1981). An arbitration award in favor of the plaintiff was entered and a judgment was granted to the plaintiff in accordance with the arbitrator's award in the amount of $28,477.00. As a result, plaintiff now seeks attorney's fees and prejudgment interest. Both requests will be denied.

█ There is no question that this court has the power to award attorney's fees on any judgment appropriately entered by this court. 5 V.I.C. § 541 (1976).[1] Because of the lack of express authority to

---

[1] (a) Costs which may be allowed in a civil action include:
 (1) Fees of officers, witnesses, and jurors;
 (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
 (3) Expenses of publication of the summons or notices and the postage when they are served by mail;
 (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;

award attorney's fees upon the entry of a judgment confirming an arbitration award, the defendant contends that neither this court nor the arbitrator may award attorney's fees. Moreover, even if § 541 authorizes an award, defendant contends this court lacks the necessary knowledge of the arbitration proceedings to make an award.

## THE ARBITRATION PROCEEDINGS

Initially the court must determine whether § 541 applies to an arbitration proceeding under provisions agreed to in writing by the parties. The parties concede that the only provision of their contract that is applicable to the question is Article 11 of the agreement, which, in pertinent part, states:

> *11.1* All claims, disputes and other matters in question arising out of, or relating to this Agreement or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law.

After the parties were ordered to submit to arbitration they further agreed by letter dated January 21, 1982, from Paul Hoffman, attorney for plaintiff, to Samuel Hall, attorney for defendant, that:

> Mr. [John R.] Garfield has agreed to serve as a sole arbitrator in this matter. He is to be compensated at an hourly rate of $65 per hour. This cost shall be divided equally by the parties unless and until the cost of arbitration is declared to be a reimbursable cost awarded to the prevailing party by the arbitrator. Article 11 of the contract between our clients states that "all claims, disputes, and other matters in question arising out of, or relating to, this Agreement or the breach thereof shall be decided by arbitration . . . ." Therefore, it is my understanding that indeed *all* claims, disputes and other matters shall be decided by Mr.

---

(5) Necessary expense of copying any public record, book, or document used as evidence at the trial, and

(6) Attorney's fees as provided in subsection (b) of this section.

(b) The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto.

Garfield including the amount, if any, of an ultimate award in favor of either party.

Preliminarily, it should be pointed out that the arbitrator concluded that he did not have the authority to make an award of costs and attorney's fees. Specifically, he stated, in a January 7, 1983, letter to counsel for plaintiff:

> With regard to the question of award of attorney's fee in this matter, I have decided that I am not obligated to do this nor am I authorized to do so.
>
> The agreement for arbitration services (January 21, 1982) specifically establishes for the arbitor cost but says nothing with regard to attorney costs and does not further define the "cost of arbitration." The agreement stresses equal division of the arbitor fee *unless* someone declares some costs to be reimbursable.
>
> I cannot find in this language any specific instruction or authority to award fees as part of costs. I believe the implication of the language is that I may choose not to declare the cost of arbitration to be an assignable cost.

The arbitrator's decision comports with existing law with respect to the granting of attorney's fees for arbitration proceedings in the absence of an express agreement of the parties. See, e.g., Central School District v. Double M. Construction Corp., 46 A.D.2d 800, 361 N.Y.S.2d 47 (1974). In spite of that general rule, the plaintiff contends the language of the January 21, 1982, agreement by which the parties submitted the matter to arbitration broadened Article 11.1 of the contract to grant to the arbitrator and/or this court the power to award attorney's fees and prejudgment interest. Specifically, plaintiff relies upon that portion of the January 21, 1982, agreement in which it was stated "it is my understanding that indeed *all* claims, disputes, and other matters shall be decided by Mr. Garfield including the amount, if any, of an ultimate award in favor of either party."

Mr. Garfield, who is a member of the American Institute of Architects, was familiar with the architectural agreement, but he did not read either the basic contract between the plaintiff and the defendant or the supplemental agreement of January 21, 1982, as authorizing him to make the award. The court believes that his view is entitled to some deference. Moreover, the court believes it must be guided by Ingvoldstad v. King Wharf Island Enterprises, Inc., 20 V.I. 314 (D.V.I. 1983), which holds that 5 V.I.C. § 541 does not cover the costs of arbitration, and that the prevailing party is not entitled to an

437

award of attorney's fees and other costs for an arbitration proceeding.

In Ingvoldstad, 20 V.I. at 318, the court viewed the arbitration proceeding

> as a separate, quasi-judicial action, in a forum created by the parties for the resolution of their dispute. The very purpose of such an agreement is to avoid the necessity of resorting to a court for a judicial determination of the dispute with its attendant expenses. That being the case, the attorney's fees and costs of the arbitration proceeding itself, as distinct from an action in court to confirm the results of the proceedings is not part of the cost of "maintaining the action or defenses thereto" as contemplated in § 541.

 Case law supports the general view that attorneys' fees and other costs for an arbitration are not recoverable by either party as against the other, in the absence of the express agreement of the parties, or a statute providing therefor. We hold herein that 5 V.I.C. § 541 does not cover the costs of arbitration and there is no statute which fills the void. See Hartford Accident & Indem. Co. v. Holton, 190 So.2d 801, 802 (Fla. 1966), Tassinari v. Loyer, 189 So.2d 651, 653 (Fla. 1966); Gerard v. Salter, 304 P.2d 237, 243 (Ca. 1956).

██ In accordance with Ingvoldstad, the plaintiff's request for attorney's fees will be denied.

## PREJUDGMENT INTEREST

Plaintiff asks the court to award prejudgment interest pursuant to 11 V.I.C. § 951(a)(1) (1982). Section 951(a)(1) authorizes interest at the rate of 9 percent per annum on "all monies which have become due." Assuming that prejudgment interest is allowable, defendant contends that the money did not become due in this instance until April 5, 1983, when the arbitrator submitted his final award and conclusion. Moreover, the defendant contends that interest should not begin to run until this court confirmed the arbitrator's award, which was done on May 31, 1983.

 The court agrees with the defendant that the thrust of 11 V.I.C. § 951 is to authorize prejudgment interest only where the amount due is in money and therefore is easily ascertainable. In this case that could not be said to be the case until the arbitrator issued his award and it was confirmed by this court, which was on May 31,

1983. Thus, any request for interest before entry of judgment on May 31, 1983, must be denied. See Trocki v. Mendoza, 15 V.I. 256 (Terr. Ct. 1978).

## ORDER

The court having issued a Memorandum Opinion this day, it is

ORDERED that the plaintiff's request for attorney's fees and costs of the arbitration proceeding and prejudgment interest is DENIED, and it is further

ORDERED that each party shall bear his own costs and attorney's fees for any part of this action heard before this court.