SEA TECH, LTD., SEA WORKS, LTD., and AMERICO CONSTRUCTION AND ENGINEERING, LTD., a Joint Venture, Plaintiffs

and

CORPORACION INSULAR DE SEGUROS, Intervenor

v.

VIRGIN ISLANDS YACHT HARBOR, INC. d/b/a YACHT HAVEN HOTEL & MARINA, Defendant

Civil No. 1049/1983

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 6, 1989

GEORGE ETHRIDGE, ESQ., St. Thomas, V.I., *for plaintiffs*

GARY W. MORSE, ESQ. (WATTS & STREIBICH) St. Thomas, V.I., *for defendant*

WILFEDO A. GEIGEL, ESQ., St. Croix, V.I., *for intervenor*

MEYERS, *J.*

## MEMORANDUM OPINION

This Court is called upon to decide when interest, if any, begins to accrue on an arbitral award for which judgment was entered in favor of plaintiffs. Also before the Court is the motion of the intervenor for withdrawal of funds deposited with the Clerk of the Court by the defendant. This Court holds that interest begins to

accrue from the date the arbitral award is confirmed. Intervenor's request for withdrawal of funds will be denied.

## A. *Prejudgment Interest*

On October 17, 1983, a panel consisting of three arbitrators awarded plaintiffs the sum of $74,778.88. By order dated June 23, 1987, this Court confirmed the arbitral award and granted summary judgment in favor of plaintiffs on August 18, 1988. In that judgment the Court reserved its ruling on what date interest, if any, begins to accrue on the amount awarded. The parties were requested to submit memoranda on that issue.

The plaintiffs argue that interest should be computed from the date of the arbitration award and not from the date judgment was entered on August 18, 1988, as the defendant contends. In support of its claim, plaintiffs cite 11 V.I.C. § 951(a) (1982)[1] and Article 6 of the contract between plaintiffs and defendant.[2] The plaintiffs also cite several cases, not of this jurisdiction nor of this circuit, in which the courts have made a determination to award prejudgment interest as of the date of arbitration. However, those cases cited by plaintiffs have either been based on specific state statutes, East India Trading Company, Inc. v. Dada Haji Ebrahim Halari, 114 N.Y.S.2d 93, 288 App. Div. 420 (S. Ct. App. Div. 1952); Board of Education of Central School District No. 1 v. Niagra-Wheatfield Teachers Association, 415 N.Y.S.2d 790, 46 N.Y.S.2d 551 (Ct. of App. N.Y. 1979); and Oursler v. Cole, 162 N.Y.S.2d 982, 983; 5 Misc. 2d 3 (1957) (the New York Civil Practice Act pertained to these cases) or, the courts have summarily opined that interest should be awarded from the date of the award. Ukranian National Urban Renewal Corp. v. Muscarelle, Inc., 376 A.2d 1299, 1307 (N.J. Super. 1977), or, the Federal Arbitration Act applied, Lungren v. Freeman, 307 F.2d 104 (9th Cir. 1962).

Plaintiffs further contend that the amount due under the arbitral award, unlike the damages awarded in Trocki v. Mendoza, 15 V.I. 256 (Terr. Ct. St. T. & St. J. 1978), (prejudgment interest will not be awarded on damages since damages were not "money" within

---

[1] 11 V.I.C. § 951(a) provides in pertinent part:
    (a) The rate of interest shall be nine (9%) percentum per annum on—
       (1) all monies which have come due.

[2] Article 6. INTEREST.
    All moneys not paid when due hereunder shall bear interest at the maximum rate allowed by law at the place of the Project.

the meaning of 11 V.I.C. § 951(a)) is not only easily ascertainable but also based on an amount due on the contract. However, the Trocki court was not called upon to either confirm an arbitral award or award prejudgment interest on that award. Moreover, in the case sub judice, the amount which plaintiffs were awarded represents the value of the plaintiffs' unpaid partial performance, less damages assessed against them for not fully performing the contract between the parties. It appears, therefore, that the arbitrator's award to the plaintiffs was based on quasi-contractual theory of restitution since the plaintiffs did not fully perform the contract. That the arbitrators were able to estimate the amount of completion and value the plaintiffs' performance from the contract does not obviate the fact that the plaintiffs' recovery was based, not upon the contract itself, but on the theory of restitution.

The issue of whether prejudgment interest should be assessed where a court confirms an arbitral award has been previously determined within this jurisdiction. Remole v. Sullivan, AIA, 20 VI 434 (Terr. Ct. St. T. & St. J., 1984.) This Court is not persuaded by plaintiffs' attempt to distinguish Remole. The court in Remole clearly stated that interest would be applied, pursuant to 11 V.I.C. § 951(a), when "the arbitrator issued his award *and* it was confirmed by this court." (Emphasis added.) 20 VI at 438. Thus, the Court has determined that the money awarded by an arbitrator does not become due within the meaning of 11 V.I.C. § 951(a) until the award is confirmed by a court.

■ Accordingly, this Court will award interest from the date of this Court's confirmation of the arbitral award. The defendant, therefore, must deposit with the Clerk of this Court $7,983.93, representing interest accruing from June 23, 1987, the date confirming the award, to August 29, 1988, the date this Court received the sum of $74,778.88.[3]

B. *Withdrawal of Funds*

The Intervenor, CIS, seeks the release of some $46,849.49 which has been deposited with the Court pursuant to the Court's confirmation of the arbitral award and which CIS claims.

■ Prior to intervening in the above-captioned case, CIS had filed suit against the plaintiffs in the United States District Court for the District of Puerto Rico, the cause of action of which was

---

[3] As evidenced by receipts numbered 80807 and 80808.

based on a Bond and General Agreement of Indemnity signed by the parties. In that case, CIS had been granted prejudgment attachment of the plaintiffs' assets. In its petition to intervene, CIS sought to secure any judgment in Puerto Rico by attaching funds which the defendant had deposited with this Court for the benefit of the plaintiffs. However, when the District Court of Puerto Rico subsequently determined it had no jurisdiction over the plaintiffs, it sua sponte transferred the case to the District Court of the Virgin Islands, Division of St. Thomas and St. John, (CIS v. Sea Tech, et al, Civ. No. 325/1985), which has not issued another order for prejudgment attachment. Moreover, since the latter court has not made a determination of the parties rights to date, this Court has no authority to release funds deposited with it for the benefit of the plaintiffs based on the unadjudicated claims of the Intervenor. Intervenor's motion, therefore, seeking release of some of the funds deposited with the Clerk of the Court will be denied.

## ORDER

In light of the foregoing memorandum of even date, and the Court being fully advised in the premises, it is hereby

ORDERED that defendant deposit with the Clerk of the Court the sum of $7,983.93, as and for interest on the arbitral award on or before July 7, 1989; and it is further

ORDERED that the motion of intervenor, CIS, for a withdrawal of funds deposited the Court and released to intervenor be and the same is hereby DENIED.