OF THE VIRGIN ISLANDS



**FILED**
January 12, 2022 04:13 PM
ST-2019-CV-00302
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| KIRK RONDON, | ) | |
| | ) | CASE NO. ST-2019-CV-00302 |
| Plaintiff/Counter-defendant, | ) | |
| | ) | ACTION FOR DAMAGES, |
| v. | ) | NEGLIGENCE, BREACH OF |
| | ) | CONTRACT, UNFAIR BUSINESS |
| | ) | PRACTICE, TORTIOUS |
| CARIBBEAN LEASING & ECO | ) | INTERFERENCE WITH BUSINESS |
| TRANSPORTATION, INC., D/B/A | ) | RELATIONS, NEGLIGENT OR |
| DRIVE GREEN, VI, DEFT, INC. D/B/A | ) | FRAUDULENT |
| DOLLAR CAR RENTAL, AND JUSTIN | ) | MISREPRESENTATION, |
| WORKMAN, | ) | INTERFERENCE WITH |
| | ) | PROSPECTIVE CONTRACT, FRAUD, |
| | ) | & CONVERSION |
| | ) | |
| Defendants/Counterclaimants. | ) | |
| | ) | |

**2020 VI SUPER 2**

**MEMORANDUM OPINION AND ORDER**

¶1    **THIS MATTER** is before the Court on the following:

1.    Defendants/Counterclaimants' Motion for Summary Judgment & Incorporated Memorandum of Law, filed August 11, 2021; and

2.    Defendants/Counterclaimants' Motion to Deem Motion for Summary Judgment Conceded & Request for Ruling, filed September 22, 2021.

On July 12, 2021, the Court entered a Memorandum Opinion and Order dated July 8, 2021, granting Defendants/Counterclaimants' Motion for Judgement on the Pleadings in this matter. The Order dismissed Plaintiff/Counter-defendant's claims for failing to comply with the statute of limitations under 12A V.I.C. 185 and for failing to state a claim upon which relief can be granted. Defendants/Counterclaimants now request the Court to rule on their counterclaims against the Plaintiff/Counter-defendant for breach of contract and debt. The Court finds that there is no genuine issue of material fact regarding Defendants/Counterclaimants' counterclaims and Defendants/Counterclaimants' Motion for Summary Judgment is therefore granted.

**2020 VI SUPER 2**

## I.  FACTUAL AND PROCEDRUAL BACKGROUND

¶2     On July 1, 2017, Kirk Rondon ("Rondon" or "Plaintiff/Counter-defendant") called Sales Manager Justin Workman ("Workman") of Caribbean Leasing & Eco Transportation, Inc., d/b/a Drive Green VI ("Drive Green") to inquire about purchasing a 2015 Toyota Corolla LE.[1] Rondon subsequently inspected the car and took it for a test drive, and he also had a mechanic inspect and test drive the car.[2] Workman informed Rondon he would need to insure the car before purchasing it, and he disclosed that the car had been involved in a minor accident that involved changing some parts of the body.[3] Rondon agreed to buy the car, and Workman and Rondon signed a Bill of Sale for the 2015 Toyota Corolla LE on July 17, 2017.[4]

¶3     On August 8, 2017, Rondon paid Drive Green $13,000.00 for the car and $95.00 for the registration and transfer of the title.[5] Upon leaving the lot with the car, warning lights began flashing while Rondon was driving.[6] Rondon returned the car to Drive Green the following day.[7] On August 27, 2017, Workman called Rondon and said the problem had been fixed, and Rondon could pick up the car that day.[8] Upon receiving the car, it began to rain, and the car shut down when Rondon turned on the windshield wipers.[9] Rondon returned the car to Drive Green the following day and was told that the car had an electrical problem that would be fixed.[10]

¶4     On October 30, 2017, Rondon went to Drive Green to inquire about the status of the car.[11] Rondon was told the car had been damaged by Hurricanes Irma and Maria, which made landfall in St. Thomas in September of 2017.[12] Drive Green loaned Rondon a Toyota Yaris from October 30 to November 6 and continued repairs on the 2015 Toyota Corolla LE.[13] On January 17, 2018, Workman informed Rondon they could sell him a base model 2016 Toyota Corolla, but Rondon refused and requested the return of his money.[14] Drive Green completed the repairs on the 2015 Toyota Corolla LE on or about January 31, 2018, and contacted Rondon to retrieve the car.[15]

¶5     Rondon never retrieved the car, and on March 21, 2018, he filed a complaint with the Department of Licensing and Consumer Affairs, Division of Consumer Protection Services

---

[1] Pl.'s Compl. ¶¶ 7-8, 11-12.
[2] Pl.'s Compl. ¶¶ 16-21.
[3] Pl.'s Compl. ¶¶ 24-27.
[4] Defs.' Answer & Countercl. ¶ 7, Ex. A.
[5] Pl.'s Compl. ¶ 31.
[6] Pl.'s Compl. ¶¶ 32-33.
[7] Pl.'s Compl. ¶ 36.
[8] Pl.'s Compl. ¶ 39.
[9] Pl.'s Compl. ¶¶ 42-45.
[10] Pl.'s Compl. ¶¶ 51-52.
[11] Pl.'s Compl. ¶ 54.
[12] Defs.' Answer & Countercl. ¶¶ 18-21.
[13] Pl.'s Compl. ¶¶ 73, 78.
[14] Pl.'s Compl. ¶¶ 80-82.
[15] Defs.' Answer & Countercl. ¶¶ 22-25.

**2020 VI SUPER 2**

("DLCA") against Drive Green seeking reimbursement for the 2015 Toyota Corolla LE.[16] On April 5, 2018, Drive Green advised Rondon that he failed to retrieve the car after repairs were completed despite repeated requests, and that if the car were not picked up by April 30, 2018, Rondon would incur storage fees of $50.00 per month beginning from February 1, 2018.[17] On May 10, 2018, the DLCA found that Drive Green complied with applicable law in repairing the car and that Rondon's claim for reimbursement was not supported by law.[18] In its determination, the DLCA enclosed the title and registration for the 2015 Toyota Corolla LE in Rondon's name and the April 5, 2018 storage fee notice from Drive Green.[19]

¶6     On June 5, 2019, Rondon filed a Verified Complaint with this Court against Drive Green, Def, Inc. d/b/a Dollar car Rental, and Justin Workman ("Defendants/Counterclaimants"). In his complaint, Rondon alleged negligence, breach of contract, unfair business practice, fraud, interference with prospective contract, negligent or fraudulent misrepresentation, conversion, and tortious interference with business relations. The Defendants/Counterclaimants filed an Answer and Counterclaim on October 21, 2019, alleging breach of contract and debt owed by Rondon. Rondon filed an Answer to Defendants' Counterclaim on February 7, 2020, asserting affirmative defenses.[20] Defendants/Counterclaimants filed a Motion for Judgment on the Pleadings on June 19, 2020, which the Court granted on July 12, 2021. Rondon filed an appeal of this verdict with the Supreme Court of the Virgin Islands on August 10, 2021. Defendants/Counterclaimants filed a Motion for Summary Judgment on August 11, 2021, and Rondon subsequently withdrew his appeal with the Supreme Court.[21] Following no additional response from Rondon, Defendants/Counterclaimants filed a Motion to Deem Summary Judgment Conceded & Request for Ruling on September 22, 2021.

## II.   LEGAL STANDARD

### A.  Summary Judgment

¶7     In the Virgin Islands, summary judgment is governed by Rule 56 of the Virgin Islands Rules of Civil Procedure which states:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

---

[16] Defs.' Answer & Countercl. ¶¶ 25-26.
[17] Defs.' Answer & Countercl. ¶ 28, Ex. D; Defs.' Mot. Summ. J. Ex. E.
[18] Defs.' Answer & Countercl. ¶ 29, Ex. E; Defs.' Mot. Summ. J. Ex. F.
[19] Defs.' Answer & Countercl. ¶¶ 29-30, Ex. E; Defs.' Mot. Summ. J. Ex. F.
[20] Rondon asserted the following affirmative defenses: 1) failure to state a claim; 2) failure to mitigate damages; 3) waiver; 4) estoppel; 5) unclean hands; 6) damages caused by third parties or Counterclaimants; 7) laches; and 8) negligence.
[21] The Supreme Court of the Virgin Islands granted Rondon's motion to withdraw the appeal and ordered the appeal dismissed in an Order dated August 31, 2021.

**2020 VI SUPER 2**

fact and the movant is entitled to judgment as a matter of law. The Court should state on the record the reasons for granting or denying the motion.[22]

Summary judgment is a drastic remedy allowed only when "the moving party shows that the 'pleadings, the discovery and disclosure materials on file, and any affidavits, show there is no genuine issue as to any material fact.'"[23] The moving party bears the burden of demonstrating that there is no genuine issue of material fact, but this burden may be discharged by showing the court "that there is an absence of evidence to support the nonmoving party's case."[24] The burden then shifts to the nonmoving party to show "specific facts showing a genuine issue for trial."[25] The nonmoving party must present "'affirmative evidence' from which a jury might reasonably return a verdict in his favor."[26] The nonmoving party cannot rest on mere allegations and must present actual evidence showing a genuine issue for trial.[27]

¶8      Although summary judgment is generally considered a drastic remedy, Virgin Islands courts have determined that debt actions may be especially well suited for summary judgment.[28] Due to the "relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment."[29] To properly state a claim for debt under Virgin Islands law, the moving party must allege that the defendant owes a certain amount, and the defendant is or should be obligated to pay that amount.[30] Additionally, Virgin Islands courts find that summary judgment for a breach of contract claim "where monetary damages can be easily calculated is particularly appropriate."[31]

---

[22] V.I. R. Civ. P. 56(a).

[23] *Basic Services, Inc. v. Gov't of the Virgin Islands*, 71 V.I. 652, 658 (V.I. 2019) (quoting *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)); *see also Ayala v. Lockheed Martin Corp.*, 72 V.I. 489, 492-93 (V.I. Super. Ct. 2020) (defining a material fact as a fact that "can affect the outcome of the case").

[24] *Kennedy Funding, Inc. v. GB Properties, Ltd.*, 73 V.I. 425, 431 (V.I. 2020) (quoting *Aubain v. Kazi Foods of the V.I., Inc.*, 70 V.I. 943, 948 (V.I. 2019)) (citing *Williams*, 50 V.I. at 194).

[25] *Williams*, 50 V.I. at 194 (providing that "only those facts that 'might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[26] *Chapman v. Cornwall*, 58 V.I. 431, 436 (V.I. 2013) (nothing that the burden shifts to the nonmoving party to present evidence after the moving party has identified portions of the record that "demonstrate the absence of a genuine issue of material fact").

[27] *See Kennedy Funding, Inc.*, 73 V.I. at 431 (allowing such evidence to be direct or circumstantial).

[28] *Commons v. St. John Day Spa & Salon*, No. ST-2015-CV-407, 2021 V.I. LEXIS 1, at *6 (V.I. Super Ct. Jan. 11. 2021) (quoting *LPP Mortgage, Ltd. v. Ferris*, No. 2011-094, 2014 U.S. Dist. LEXIS 74599, at *13-14 (D.V.I. June 2, 2014)).

[29] *Ferris*, 2014 U.S. Dist. LEXIS 74599, at *13-14.

[30] *Commons*, 2021 V.I. LEXIS 1, at *6.

[31] *See id.* at *7.

**2020 VI SUPER 2**

## III.   ANALYSIS

**A. Summary judgment is appropriate because Defendants/Counterclaimants have established there are no issues of material fact regarding their counterclaims for breach of contract and debt, and Plaintiff/Counter-Defendant has not demonstrated any genuine issues for trial.**

### 1.   Breach of Contract

¶9      The Supreme Court of the Virgin Islands has determined that courts in the Virgin Islands recognize four elements required to establish a claim for breach of contract: (1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages.[32] To state a claim for breach of contract, a plaintiff must allege facts demonstrating each element.[33] A party moving for summary judgment on a breach of contract claim must show that there is no genuine issue of material fact as to the facts that support each element of a breach of contract claim.[34]

¶10      In this case, Defendants/Counterclaimants have sufficiently stated a counterclaim for breach of contract, and they have demonstrated that there is no genuine issue of material fact regarding the facts supporting each element of the claim. Defendants/Counterclaimants have established the existence of an agreement created when the parties executed a Bill of Sale on July 17, 2018. The Bill of Sale states that the car is under factory warranty and that Rondon agrees to hold Drive Green "harmless from any claims related to the ownership and/or operation of this vehicle from [the date of sale], even if the registration has not been fully transferred into [Rondon's] name at the time of any incident."[35] This agreement thus created a duty for Rondon to seek repairs under the warranty agreement and not bring any claims against Drive Green. As Defendants/Counterclaimants allege, Rondon breached this duty by filing a claim against Drive Green with the DLCA regarding the operation of the vehicle. As a result of this breach, Defendants/Counterclaimants allege that they have suffered damages since Rondon's car remains on Drive Green's lot incurring storage fees. Defendants/Counterclaimants have sufficiently established the facts supporting each element of Defendants/Counterclaimants' breach of contract claim, and those facts do not present any genuine issue of material fact. Therefore, Defendants/Counterclaimants are entitled to summary judgment on their counterclaim for breach of contract.

---

[32] *See Philip v. Marsh-Monsanto*, 66 V.I. 612, 620-21 (V.I. 2017) (establishing the soundest rule for the Virgin Islands due to the consistency between case law in the Virgin Islands and other jurisdictions).

[33] *See id.*

[34] *Basic Services, Inc. v. Government of the Virgin Islands*, 71 V.I. 652, 663 (V.I. 2019).

[35] Defs.' Answer & Countercl. Ex. A.

**2020 VI SUPER 2**

### 2. Debt and Statutory Prejudgment Interest

¶11    Virgin Islands courts have determined that debt actions are well suited for summary judgment because of the relative simplicity of the issues involved.[36] To properly state a claim for debt in the Virgin Islands, the moving party must allege that the defendant owes a certain amount, and the defendant is or should be obligated to pay that amount.[37] In this case, Defendants/Counterclaimants have demonstrated that Rondon owes them a debt in the form of storage fees incurred by Rondon's failure to retrieve his vehicle from Drive Green. On April 5, 2018, Drive Green provided Rondon with notice that the failure to retrieve his vehicle by April 30, 2018, would result in incurring storage fees of $50.00 per month beginning from February 1, 2018.[38] Additionally, the DLCA included this storage fee notice in its determination that Rondon was not entitled to reimbursement from Drive Green for his vehicle, and determined he was in fact required to pay these storage fees.[39] In their Motion for Summary Judgment, Defendants/Counterclaimants allege that Rondon now owes forty-two months' worth of storage fees, totaling $2,100. Defendants/Counterclaimants have demonstrated that Rondon owes them a debt that they should be obligated to pay, and they have shown that there are no issues of disputed material facts regarding the debt owed. Therefore, Defendants/Counterclaimants have established they are entitled to summary judgment on their counterclaim for debt.

¶12    In addition to their counterclaim for debt, Defendants/Counterclaimants assert in their Motion for Summary Judgment that they are entitled to the imposition of prejudgment interest on the debt owed by Rondon. Section 951 of title 11 of the Virgin Islands Code provides the Court with discretion to award prejudgment interest at a rate of nine percent (9%) per annum on all monies which have become due.[40] An award of prejudgment interest is authorized "only where the amount due is in money and therefore easily ascertainable."[41] Although the Court has discretion to award prejudgment interest, "it should 'ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable.'"[42] Here, the amount due is in money and is easily ascertainable based on the notice Drive Green provided Rondon informing him he would incur storage fees of $50.00 per month beginning February 1, 2018 if he did not retrieve his

---

[36] *LPP Mortg., Ltd. v. Ferris*, No. 2011-094, 2014 U.S. Dist. LEXIS 74599, at *13-14 (D.V.I. June 2, 2014).

[37] *Commons v. St. John Day Spa & Salon*, No. ST-2015-CV-407, 2021 V.I. LEXIS 1, at *6 (V.I. Super Ct. Jan. 11. 2021).

[38] Defs.' Mot. Summ. J. Ex. E.

[39] Defs.' Mot. Summ. J. Ex. F.

[40] 11 V.I.C. § 951(a)(1); *see also High Times VI Enterprises, LLC v. Rahhal*, 74 V.I. 304, 313-14 (V.I. Super. Ct. 2021) (quoting *Isaac v. Crichlow*, 63 V.I. 38, 69 (V.I. Super. Ct. 2015)) (finding that "the grant or denial of prejudgment interest remains within the sound discretion of the trial court").

[41] *Antilles Ins. v. James,* No. 1992-27, 1994 U.S. Dist. LEXIS 9623, at *48 (D.V.I. July 6, 1994) (citing *Remole v. Sullivan*, 20 V.I. 434, 438 (V.I. Terr. Ct. 1984)).

[42] *Elbrecht v. Carambola Partners., LLC*, No. 1:08-cv-00021, 2010 U.S. Dist. LEXIS 72158, at *19 (D.V.I. July 16, 2010) (citing *Skretvedt v. E.I. Dupont de Nemours*, 372 F.3d 193, 208 (3d Cir. 2004)).

**2020 VI SUPER 2**

vehicle. Nothing in the record indicates that there are any exceptional or unusual circumstances that would make an award of prejudgment interest inequitable. The Court therefore finds that Defendants/Counterclaimants have established it is appropriate to award prejudgment interest.

### 3. Plaintiff/Counter-defendant's Affirmative Defenses

¶13    In a motion for summary judgment, the moving party bears the burden of demonstrating that there is no genuine issue of material fact, but this burden may be discharged by showing the court "that there is an absence of evidence to support the nonmoving party's case."[43] The nonmoving party then bears the burden to show "specific facts showing a genuine issue for trial."[44] The nonmoving party must present actual evidence showing a genuine issue for trial and cannot rest on mere allegations.[45]

¶14    Here, Defendants/Counterclaimants have satisfied their burden of showing that there is no genuine issue of material fact regarding their counterclaims of breach of contract and debt. The burden now shifts to Rondon to present actual evidence showing a genuine disputed issue for trial. While he never filed a response to Defendants/Counterclaimants' Motion for Summary Judgment, in his Answer to Counterclaim, Rondon asserts numerous affirmative defenses to Defendants/Counterclaimants' counterclaims of breach of contract and debt: 1) failure to state a claim; 2) failure to mitigate damages; 3) waiver; 4) estoppel; 5) unclean hands; 6) damage caused by third parties or Counterclaimants; 7) laches; and 8) negligence. However, Rondon does not provide any facts supporting these affirmative defenses that the Court can analyze as evidence to decide whether there are any genuine issues for trial. Rondon merely states the defenses and claims that Defendants/Counterclaimants are not entitled to recover. As mere allegations are not enough for the Court to determine whether a genuine issue of material act exists, Rondon has failed to meet his burden of demonstrating any genuine issues for trial.

## IV.  CONCLUSION

¶15    Summary judgment, governed by Rule 56 of the Virgin Islands Rules of Civil Procedure, is a drastic remedy that requires the moving party to demonstrate that there are no genuine issues of material fact for trial.[46] If the moving party satisfies their burden of proving no issues of material fact, the burden shifts to the nonmoving party to present affirmative evidence of genuine issues for

---

[43] *Kennedy Funding, Inc. v. GB Properties, Ltd.*, 73 V.I. 425, 431 (V.I. 2020) (citing *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)).

[44] *Williams*, 50 V.I. at 194.

[45] *Kennedy Funding, Inc.*, 73 V.I. at 431.

[46] *Basic Services, Inc. v. Gov't of the Virgin Islands*, 71 V.I. 652, 658 (V.I. 2019) (quoting *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)).

**2020 VI SUPER 2**

trial.[47] Claims for debt and breach of contract are particularly suited for summary judgment where the amounts owed in debt and monetary damages are easily ascertainable.[48]

**¶16**    In this case, the Defendants/Counterclaimants have satisfied their burden of demonstrating that there are no genuine issues of material fact for trial. They have successfully established that they are entitled to summary judgment on their claim for debt because they have shown that Rondon owes them storage fees for failing to retrieve his vehicle. They have also shown that they are entitled to prejudgment interest on this debt. Additionally, they have established that they are entitled to summary judgment on their breach of contract claim because they have sufficiently alleged facts supporting each element of a breach of contract claim. Finally, the Plaintiff/Counter-defendant has not satisfied his burden of showing any genuine issues for trial because he did not assert any affirmative evidence beyond mere allegations showing that there are issues of material fact. The Court, therefore, finds that summary judgment is appropriate.

**¶17**    Accordingly, it is hereby

**ORDERED** that Defendants/Counterclaimants' Motion for Summary Judgment is **GRANTED**; and it is further

**ORDERED** that Plaintiff/Counter-defendant shall pay the debt owed to the Defendants/Counterclaimants in the amount of $2,100.00 plus $322.32 in prejudgment interest; and it is further

**ORDERED** that a copy of this Order shall be directed to counsel of record.


Dated: January 12, 2022                                    _____

                                                           **HON. SIGRID M. TEJO**
ATTEST: TAMARA CHARLES                                      JUDGE OF THE SUPERIOR COURT
Clerk of the Court ____/____/_____                         OF THE VIRGIN ISLANDS


by:_____01/20/2022_____
   for   LATOYA CAMACHO
         Court Clerk Supervisor ____/____/_____

---

[47] *Williams*, 50 V.I. at 194.
[48] *See Commons v. St. John Day Spa & Salon*, No. ST-2015-CV-407, 2021 V.I. LEXIS 1, at *6-7 (V.I. Super Ct. Jan. 11. 2021).