189 So.2d 651 (1966)
Raymond L. TASSINARI, Appellant,
v.
Valery J. LOYER, Appellee.
No. 6421.
District Court of Appeal of Florida. Second District.
August 31, 1966.
L. William Graham, of Lazonby, Dell, Graham, Wilcox & Barber, Gainesville, for appellant.
Paul Game, Jr., of Game & Game, Tampa, for appellee.
*652 SHANNON, Acting Chief Judge.
This is a case involving the Florida Arbitration Code, Fla. Stat., Secs. 57.10 to 57.31, F.S.A. Plaintiff (appellee), the subcontractor, and defendant (appellant), the general contractor, provided in the contract between them, which contract is the subject matter of this suit, for submission to arbitration of any controversy and for the payment of attorney fees by the subcontractor (plaintiff) in case such were incurred by the defendant in enforcing the contract as the result of any default on the part of plaintiff. The plaintiff-subcontractor sued the defendant for failure to pay the balance of sums (approximately $6300) due under the contract, and the defendant counterclaimed, alleging certain setoffs, failure of the plaintiff to complete the work as required, and requesting attorney fees as required by their contract.
After the cause was at issue, the parties through their counsel stipulated to the submission of "the matters in dispute as set forth in plaintiff's amended complaint and defendant's answer and counterclaim there[to] be arbitrated under the provisions of the Florida Arbitration Code, Secs. 57.10 through 57.31, Florida Statutes 1963 [F.S.A.]," and agreed upon a particular person to serve as umpire and sole arbitrator. The court thereupon appointed as sole arbitrator and umpire the person requested, said individual to hear and determine the matters in dispute under the provisions of the arbitration code.
The arbitrator held one hearing, at the job site, at which both sides were present, testimony taken, and exhibits introduced and received into evidence. The umpire then toured the hotel and noted defective work items which he considered to be plaintiff's responsibility to correct. He instructed plaintiff that as a condition of payment plaintiff would have to correct these defects. Following the hearing the umpire told defendant he was not satisfied with defendant's evidence in support of a back charge, and defendant was given an opportunity to get a more detailed breakdown. Defendant was apparently unable to obtain the breakdown and asked the umpire to reconvene the hearing for the purpose of taking testimony from the painters who performed the work claimed as a back charge. The umpire declined to do this. The umpire ultimately rendered his award allowing plaintiff $4,621.95 after determining that the plaintiff had corrected the defects and that said corrections were inspected and found complete by the custodian of the hotel (the building under construction and the subject of the contract), the plaintiff having gone to the hotel with the list of defects and presumably after correcting the same, having acquired from the custodian his written finding of inspection and completion. Neither the defendant nor the umpire was present when the plaintiff went to the hotel and acquired from the custodian said written finding.
The trial court confirmed the arbitration award and refused to award attorney fees sought by the defendant. It is this order that the defendant is appealing, asserting that it was error for the umpire to determine, ex parte, without notice to him and without affording him opportunity to inspect, that the plaintiff had properly corrected the defective work. Defendant contends that this ex parte action denied to him his "day in court."
Further, defendant asserts that the contract provided attorney fees in the event of any default by the plaintiff, that the arbitrator found such default although it was set off against the amount due from the defendant to the plaintiff; also, that default of the plaintiff existed, as shown by the requirement of corrective work to be performed by the plaintiff as a condition precedent to receiving the balance from the defendant. The arbitrator's award contained the following language:
"That each party shall bear his own costs incurred in this arbitration proceeding and in above styled cause and each party shall pay the undersigned $50.00 *653 within five days from date for a total of $100.00 as umpire fee and expenses of the undersigned."
Defendant contends it was error for the trial court to refuse to award attorney fees.
Defendant raises two other points but we do not feel it is necessary to deal with these since our ultimate decision makes academic any discussion thereon.
Arbitration proceedings are judicial or quasi-judicial proceedings and as such are to have the same procedural safeguards as judicial proceedings even though they are not meant to be conducted with the formality of a court. Each party must have a full hearing and this in the presence of the other party, unless such right is waived by agreement or conduct. Cassara v. Wofford, Fla. 1951, 55 So.2d 102. While the arbitrator may have acted with the highest and worthiest of motives, his method of inspecting corrected work, without the presence of the defendant, and without notice to the defendant, is such conduct as to vitiate the award. See Cassara v. Wofford, supra, and cases cited therein.
As to attorney fees, while it is true that the right to attorney fees was one of the disputed subjects as evidenced by the pleadings and that all the matters in dispute were submitted to arbitration, nevertheless, the arbitrator could not decide matters outside of his authority. The matters were submitted to him in accordance with the Florida Arbitration Code and said code includes Fla. Stat., Sec. 57.20, F.S.A.[1] from which his authority to award costs and expenses derives. Said statute provides for the payment of umpire's and arbitrator's fees and expenses along with other expenses, in accordance with the method provided in the award; if the arbitration agreement provides otherwise (an example might be that the victor in any dispute not be required to bear any costs) then such provision shall prevail. The statutory reference to counsel fees is to except it from the term "other expenses." It should be remembered that arbitrators are generally businessmen chosen for their expertise in the particular subject matter of the suit and to exclude from their domain the consideration of what is a reasonable fee for legal services is quite logical. That the Legislature chose to exclude this question from the arbitrator's determination is a credit to its wisdom. The plaintiff contends that the initial clause "Unless otherwise provided in the agreement or provision for arbitration," qualifies the phrase "not including counsel fees," and that it is clear that the Legislature did not want the arbitrators to award attorney fees unless the parties by stipulation or in the arbitration agreement provided for such payment. This reasoning we find strained. Attorney fees are recoverable only by statute or agreement. Codomo v. Emanuel, Fla. 1956, 91 So.2d 653. There is no statutory authorization for attorney fees in arbitration proceedings. The only way that they might be recovered would be by agreement of the parties. Hence, the purpose for including this phrase "not including counsel fees" is to modify and explain "expenses," the word immediately preceding the subject phrase, so as to be certain that counsel fees (when awardable) remain outside of the perimeter of the arbitrator's view. The trial court, then, is left with the determination of what is a reasonable attorney fee should the arbitrator on rehearing this matter determine that there was default by the plaintiff.
The order confirming the arbitration award is hereby reversed with instructions to re-submit the case to the arbitrator for proceedings not inconsistent with this opinion.
LILES and HOBSON, JJ., concur.
NOTES
[1] 57.20 Fees and expenses of arbitration

Unless otherwise provided in the agreement or provision for arbitration, the arbitrator's and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award. Laws 1957, c. 57-402, § 10.