371 So.2d 111 (1978)
LOXAHATCHEE RIVER ENVIRONMENTAL CONTROL DISTRICT, Appellant,
v.
GUY VILLA & SONS, INC., a Foreign Corporation Authorized to Do Business in Florida, et al., Appellees.
Nos. 77-1061 and 78-1036.
District Court of Appeal of Florida, Fourth District.
November 8, 1978.
Supplemental Opinion February 28, 1979.
William C. Owen, Jr. of Cone, Owen, Wagner, Nugent, Johnson & McCeown, Tequesta, for appellant.
Richard K. Rosenberg, Hawthorn, N.J., and John P. Fitzgerald of Ryan, Ryan & Fitzgerald, North Palm Beach, for appellees.
DOWNEY, Chief Judge.
As a result of a contract between appellant and appellee for the construction of various waste water sewage facilities, differences arose and the parties agreed to submit some of those differences to arbitration pursuant to Chapter 682, Florida Statutes (1975).
At the close of the hearings the arbitrators called for a submission of all costs incurred by the parties, including attorney's fees. Both parties submitted their costs and claims for attorney's fees and the ultimate award made by the arbitrators included an award of $18,500 attorney's fees for appellee. Immediately after receiving a copy of the award appellant moved to vacate or correct the award by elimination of *112 the provision for attorney's fees. That motion was unsuccessful and the circuit court eventually entered a judgment confirming the award and this plenary appeal ensued.
While the aforementioned appeal was pending, appellee moved the lower court for an order directing issuance of a writ of execution on that portion of the judgment "from which no appeal was perfected."[1] This motion was granted and the trial court directed the Clerk to issue an execution for $202,458.00, together with interest from May 6, 1977.[2] An interlocutory appeal was perfected to review that order.
Adverting now to the plenary appeal, the construction contracts between the parties contain no provision for attorney's fees which would control the questions presented here. However, the parties did enter into a stipulation which provided that "the arbitrators are further empowered to award such other costs and fees as is provided under the contract between the parties." Article 40 of the Contract, providing for arbitration, included a provision that "[i]f they deem the case demands it, the arbitrators are authorized to award to the party whose contention is sustained any sums they shall consider proper for the time, expense and trouble incident to the arbitration."
Appellant contends that the judgment of confirmation should be reversed because the arbitrators had no power even by stipulation to adjudicate entitlement to or amount of attorney's fees. On the other hand, appellees argue that, even if the arbitrators did not have the authority to determine attorney's fees in the first instance, if the parties stipulate that a fee be awarded by the arbitrators, they may do so.
Appellant relies heavily upon the case of Tassinari v. Loyer, 189 So.2d 651 (Fla. 2nd DCA 1966). There the parties to a law suit, after the case was at issue, agreed to submission of "`the matters in dispute as set forth in plaintiff's amended complaint and defendant's answer and counterclaim there[to] be arbitrated under the provisions of the Florida Arbitration Code ...'." One of the issues raised by the pleadings was the question of attorney's fees; however, the arbitrator denied the plaintiff an award of attorney's fees. On appeal from the judgment confirming the award, the court held:
"As to attorney fees, while it is true that the right to attorney fees was one of the disputed subjects as evidenced by the pleadings and that all the matters in dispute were submitted to arbitration, nevertheless, the arbitrator could not decide matters outside of his authority. The matters were submitted to him in accordance with the Florida Arbitration Code and said code includes Fla. Stat., Sec. 57.20, F.S.A. from which his authority to award costs and expenses derives." 189 So.2d at 653.
In making it clear that attorney's fees were not to be the subject of arbitrator's consideration the court stated further:
"There is no statutory authorization for attorney fees in arbitration proceedings. The only way that they might be recovered would be by agreement of the parties. Hence, the purpose for including this phrase `not including counsel fees [in Section 57.20, now Section 682.11, Florida Statutes (1975)] is to modify and explain `expenses,' the word immediately preceding the subject phrase, so as to be certain that counsel fees (when awardable) remain outside of the perimeter of the arbitrator's view." 189 So.2d at 653.
The foregoing quote indicates that the parties to an arbitration proceeding can agree to an award of attorney's fees by contract, but even then the award is made not by the *113 arbitrators but by the court upon confirmation of the arbitration award.
In Kingswood Management Corporation v. Salzman, 272 App.Div. 328, 70 N.Y.S.2d 692 (1947), the court considered an award of attorney's fees which had been submitted by agreement to arbitration. The main dispute involved treble damages between tenant and landlord under the federal Emergency Price Control Act. The Act authorized treble damages and attorney's fees to a tenant for overcharges in rent. However, the Act specified that the attorney's fees were to be determined "by the court." The Appellate Division pointed out that the Act which created the right to treble damages also provided for the award of attorney's fees and limited that determination to the courts  so even though the parties agreed to the submission to arbitration, it was ineffective.
In this case Section 682.02, Florida Statutes (1975), provides for the submission of any controversy to arbitration; but that broad grant of authority is subsequently limited by Section 682.11, wherein the arbitrators are expressly authorized (unless the agreement provides otherwise) to determine the arbitrators' and umpires' fees and expenses, "together with other expenses; not including counsel fees ... ." (Emphasis added.)
As Tassinari, supra, points out, the reason the Legislature saw fit to eliminate attorney's fees from the subject matter jurisdiction of arbitration is:
"that arbitrators are generally businessmen chosen for their expertise in the particular subject matter of the suit and to exclude from their domain the consideration of what is a reasonable fee for legal services is quite logical." 189 So.2d at 653.
The proper place to determine the entitlement to and amount of attorney's fees authorized by statute or contract is in the circuit court upon application for confirmation of the award.
With reference to the interlocutory appeal, the judgment entered in the trial court was for $220,958. It was automatically superceded by appellant, as a public body, filing a notice of appeal. Florida Appellate Rule 5.12. True, that amount of the judgment included various items one of which was the $18,500 awarded for attorney's fees, but the judgment is a unitary judgment not divisible into parts. The supersedeas applied to the entire judgment, not to certain parts thereof and the trial court lacked jurisdiction to scissor out certain aspects of the judgment, based upon an examination of the record on appeal and the conclusion that certain aspects of the judgment were not in issue on appeal. Without passing upon the propriety of such a determination in all events, it would appear that if such a conclusion is to be reached, it should be done by application to the appellate court which has jurisdiction over the judgment in question.
In view of the foregoing, the judgment in the plenary appeal and the order in the interlocutory appeal are reversed and the cause is remanded for further proceedings in the Circuit Court relative to the arbitration award and the appellee's entitlement to attorney's fees vel non and to the amount of said attorney's fees if it is determined appellee is entitled to such fees.
REVERSED AND REMANDED, with directions.
CROSS, J., concurs.
BERANEK, J., concurs with result only.

SUPPLEMENTAL OPINION
PER CURIAM.
On January 31, 1979, we issued an opinion on petition for rehearing filed by the appellee. That opinion is herewith vacated and the appellee's motion for rehearing is stricken as untimely.
We note that the only issue involved in the plenary appeal decided by the opinion filed November 8, 1978, was the allowance of attorney's fees so that our reversal on that point should have taken the form of a modification of the judgment, leaving unaffected those parts of the judgment as to *114 which the appellant did not complain. Accordingly the Court sua sponte grants a rehearing in this cause and herewith modifies our opinion filed November 8, 1978, by eliminating the last paragraph thereof and inserting in its place the following:
In view of the foregoing, the judgment in the interlocutory appeal, being Case number 73-1036, is reversed. The judgment in the plenary appeal, being Case number 77-1061, is modified so as to eliminate from the final judgment confirming the arbitrator's award the allowance of $18,500 attorney's fees.
The interlocutory appeal is remanded to the trial court with instructions to vacate the order of March 9, 1978. The plenary appeal is remanded with directions for further proceedings to determine whether appellee is entitled to attorney's fees and, if so, the amount thereof.
DOWNEY, C.J., and CROSS and BERANEK, JJ., concur.
NOTES
[1] The final judgment entered by the circuit court provided that appellee should recover from appellant "the sum of $197,638.00, together with attorney's fees in the amount of $18,500.00 plus costs in the amount of $4,820.00, in conformity with the Arbitrator's Award, for the sum total of $220,958.00... ."
[2] Although appellant assigned additional error, in its brief on the plenary appeal it argued only the propriety of the award of $18,500 attorney's fees for appellee.