OTT, Judge.
Appellant/cross-appellee (“Haskell”) appeals the trial court’s refusal to set aside an arbitration award because of the appearance of bias of one of the arbitrators. Ap-pellee/cross-appellant (“Sherway”) appeals the denial of attorney’s fees for the arbitration proceeding. We affirm on appeal and reverse on cross-appeal.
The following facts bear on the issue raised on cross-appeal. Haskell was the contractor and Sherway a subcontractor for several construction projects. Disputes arose between the parties and, pursuant to the written agreements between the parties, Sherway made a demand for arbitration. Sherway’s demand asked for damages' and attorney’s fees. Haskell answered the demand, admitting that the damages claims were subject to arbitration, but asserting that the “claims for attorney’s fees ... must be court determined in award confirmation proceedings.” Obviously, court determination as to amount would only be required if the parties could not agree. As pointed out hereafter, the parties were able to agree as to amount. Has-kell then counterclaimed for damages and also included a request for an award of attorney’s fees in the event it was the prevailing party. Sherway ultimately prevailed at arbitration. Entitlement of the *1068 prevailing party to attorney’s fees in such amount as a proper court would determine was never made an issue.
The contracts between the parties provide that in the event “litigation” arises out of the contracts, the prevailing party is entitled to be reimbursed by the nonprevail-ing party for reasonable expenses and costs of litigation, including reasonable attorney’s fees. When Sherway petitioned the circuit court for a determination and award of attorney’s fees incurred in connection with the arbitration, Haskell objected on a number of grounds. First, Haskell asserted (for the first time) that the term “litigation” used in the contracts did not encompass arbitration. Hence, there was no specific agreement providing for attorney’s fees in arbitration as required by Florida law. See Tassinari v. Loyer, 189 So.2d 651 (Fla. 2d DCA 1966). Second, Haskell argued that attorney’s fees must be determined by the arbitrators, or that the award of the arbitrators did include attorney’s fees.
We conclude that Haskell, by requesting fees in its counterclaim and by asserting that attorney’s fees must be determined in court, waived its right to contest in the circuit court Sherway’s entitlement to attorney’s fees as the prevailing party in arbitration. Cf. Koch v. Waller & Co., 439 So.2d 1041 (Fla. 4th DCA 1983). Certainly, the question of whether the contract allowed an award of attorney’s fees to the prevailing party in arbitration should .have been raised at the arbitration level. This is a matter of contract construction and would have allowed all controversies arising out of the contracts to be submitted to the arbitrators for resolution. Haskell’s action in this case has defeated a purpose of arbitration, to avoid the delay caused by litigation. Radiator Specialty Co. v. Cannon Mills, Inc., 97 F.2d 318, 319 (4th Cir.1938).
The trial court’s order contains a finding that the parties stipulated to the amount of reasonable attorney’s fees for the arbitration proceeding. We reverse and remand for entry of an order awarding attorney’s fees to Sherway in the stipulated amount.
We find no error in the trial court’s order confirming the arbitration award.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
RYDER, C.J., and FRANK, J., concur.