519 So.2d 7 (1987)
PROTEAN INVESTORS, INC., Larry Meinstein and June Meinstein, Appellants,
v.
TRAVEL ETC., INC., Appellee.
No. 87-667.
District Court of Appeal of Florida, Third District.
September 1, 1987.
*8 Abrams, Anton, Robbins, Resnick, Schneider & Mager and Joseph J. Huss and Jack F. Weins, Hollywood, for appellants.
Wilbur G. Silverman, for appellee.
Before BASKIN, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Protean Investors, Inc. [Protean], seeks reversal of a post-judgment order entitling Travel Etc., Inc. [Travel], to attorney's fees. Protean cites three bases for its position: 1) Travel's failure to request attorney's fees in its pleadings, 2) Travel's failure to prove at trial its entitlement to and the amount of reasonable attorney's fees, and 3) the trial court's failure to reserve jurisdiction to award fees. Recent decisions of the Supreme Court of Florida in Cheek v. McGowan Elec. Supply Co., 511 So.2d 977, 979 (Fla. 1987), holding that proof of attorney's fees authorized by contract "may be presented for the first time after final judgment pursuant to motion for attorney's fees" (emphasis added); Finkelstein v. North Broward Hosp. Dist., 484 So.2d 1241, 1243 (Fla. 1986), deciding that a final judgment which lacks the "magic words `jurisdiction is reserved'" does not deprive a party of the "substantive right to attorney's fees"; and of this court in Marrero v. Cavero, 400 So.2d 802 (Fla. 3d DCA), review denied, 411 So.2d 383 (1981), ruling that the failure to request contractual attorney's fees does not defeat entitlement when the issue is presented by a timely post-judgment motion, require that we affirm. We recognize that this court's holding in Marrero differs from the result reached by other district courts of appeal. See, e.g., Altamonte Hitch & Trailer Serv., Inc. v. U-Haul Co. of Eastern Fla., 498 So.2d 1346 (Fla. 5th DCA 1986); Nour v. All State Pipe Supply Co., 487 So.2d 1204 (Fla. 1st DCA 1986); Coons v. Shriver, 429 So.2d 27 (Fla. 2d DCA 1983); Brown v. Gardens By the Sea South Condominium Ass'n, 424 So.2d 181, 182 (Fla. 4th DCA 1983). However, in light of the subsequent supreme court rulings in Cheek and Finkelstein, we question the continuing validity of the foregoing decisions.
Affirmed.