CAMPBELL, Judge.
In this appeal appellant-realtor challenges a post-judgment order awarding attorney’s fees against appellant and in favor of appellee-seller on the basis of a contract for sale between appellee-seller and the potential buyer. The contract provided for attorney’s fees to be awarded to the prevailing party in any action arising out of the contract. Appellant asserts three grounds to support its challenge: (1) failure to demand attorney’s fees in the pleadings; (2) failure of the trial court to retain jurisdiction in the final judgment to award fees post-judgment; and (3) estoppel arising out of appellee’s successful argument in a previous hearing that resulted in appellant-realtor being denied attorney’s fees based on the contract between the buyer and seller.
While our colleagues of the Third District Court of Appeal in Protean Investors, Inc., Larry Meinstein & Tyne Meinstein v. Travel Etc., Inc., 519 So.2d 7 (Fla. 3d DCA 1987), have ruled against appellant’s position on its first two grounds, we are not required to reach those grounds because we find merit in appellant’s third ground and reverse on that basis.
Appellant brought the action below to collect its realtor’s commission on the contract between appellee as seller and a third party as buyer that appellant alleges was anticipatorily breached by appellee. In that action, after granting appellee a rehearing, the trial court found for appellee and against appellant and awarded appellee attorney’s fees as the prevailing party. However, prior to this rehearing, the trial court had ruled for appellant but denied appellant attorney’s fees because appellee had successfully argued that the contract between appellee as seller and the third party as buyer does not provide for attor *922 ney’s fees in an action for a commission by appellant-realtor. We agree with that original position adopted and successfully argued to the trial court. Appellant was not a party to the contract between appellee-seller and the buyer to that extent.
In so holding we are faced with the anomaly that on a previous unsuccessful appeal by appellant from the order of the trial court granting appellee a rehearing below, this court granted appellee’s motion for attorney’s fees as the prevailing party in that appeal and based on the contract between appellee-seller and the buyer. It is regrettable that the question of whether the contract was proper authority for the award of attorney’s fees in that instance was not presented or argued to this court. Appellee’s motion for attorney’s fees in that appeal was not objected to by appellant. However, we are not prevented from correcting the error we now perceive since the question of the authority for the award of attorney’s fees is presented in this appeal. The final judgment now before us on this appeal includes the amount determined by the trial court to be due for that previous appeal. See General Accident Insurance Co. v. Packal d/b/a Welcome Video & Electronics, and Borg-Warner Acceptance Corp., 512 So.2d 344 (Fla. 4th DCA 1987). We therefore vacate our previous order in the prior interlocutory appeal granting appellee’s motion for award of attorney’s fees and reverse the order of the trial court below fixing the amount of those fees and awarding appellee attorney’s fees for the trials below.
SCHEB, A.C.J., and THREADGILL, J., concur.