524 So.2d 1129 (1988)
DISTRICT SCHOOL BOARD OF ST. JOHNS COUNTY, Florida, Petitioner,
v.
Gerald P. TIMONEY, Respondent.
No. 88-66.
District Court of Appeal of Florida, Fifth District.
May 12, 1988.
*1130 Joann M. Bricker, of Coffman, Coleman, Andrews & Grogan, Jacksonville, for petitioner.
Robert C. Lanquist, Jacksonville, for respondent.
SHARP, Chief Judge.
The District School Board of St. Johns County petitions this court for a writ of certiorari. It seeks review of a circuit court order which nullified a decision by an arbitration panel and allowed Timoney to proceed to trial on the merits of his salary dispute with the School Board. We grant the petition.
In a suit filed in the circuit court, Timoney alleged the School Board set his salary too low, in violation of the collective bargaining agreement between the School Board and the St. Johns Education Association. He claimed he was not given adequate credit for his full twenty years of military experience, as required by Article XVIC.3 of the agreement. However, the agreement specifically provided for mandatory arbitration.
The circuit court properly stayed the court case pending arbitration. Thereafter the arbitration panel rendered its decision in favor of petitioner School Board, finding that the collective bargaining agreement (Article XVIC.3c) was ambiguous, and that there was a "lack of substantive evidence" on Timoney's part to establish that "others in his field are receiving inequitable experience credit."
The trial judge ruled that the panel's decision was a nullity. It found that the arbitrators' decision left "much to be desired" and "lent little or no guidance to the court for a judicial ruling." The panel's decision states: "It is the consensus of this panel that the contractual language can only be interpreted by outside parties ..." The trial judge also found that the arbitrators' decision was not based on substantial or competent evidence. The court therefore refused to confirm the award and ruled that Timoney could proceed with a trial on the merits of his salary claim.
Timoney initially argues that this certiorari proceeding is premature because the School Board filed a motion for reconsideration below which has not yet been decided. However, the order in question is clearly interlocutory and therefore a motion for rehearing is not authorized. See, e.g., Williams v. Department of Health and Rehabilitative Services, 468 So.2d 504 (Fla. 5th DCA 1985); Gordon v. Barley, 383 So.2d 322 (Fla. 5th DCA 1980). Since rendition of a reviewable order is only tolled by an authorized motion for rehearing as set forth in Florida Rule of Appellate Procedure 9.020(g), the School Board's motion for reconsideration in this case did not extend the time for filing the petition for writ of certiorari and therefore the petition is not premature. See Williams, supra; McGee v. McGee, 487 So.2d 412 (Fla. 4th DCA 1986).
Although Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v) states that a nonfinal order determining a party's right to arbitration is an appealable order, the order in this case does not come within the scope of that rule, nor is it an appealable order pursuant to the Florida Arbitration Code[1] since it neither confirms nor vacates the arbitrators' award, but rather deems it to be a nullity.
The Florida Arbitration Code provides that upon application, a court shall either confirm an arbitration award, correct obvious clerical errors, or vacate the award and remand to the arbitration panel for further consideration.[2] An arbitration award may only be vacated because it was procured by corruption, fraud, or undue means; there was evidence that the arbitrators were corrupt or partial; the arbitrators exceeded their powers or improperly refused to continue a proceeding or hear material evidence; or there was no valid agreement to *1131 arbitrate.[3] The law does not give the trial court the authority to ignore the arbitrators' decision.
The courts' standard of review to be applied to arbitration awards is very limited and a high degree of conclusiveness attaches to the award. See International Medical Centers, Inc. v. Sabates, 498 So.2d 1292 (Fla. 3d DCA 1986), rev. den., 508 So.2d 14 (Fla. 1987); Broward County Paraprofessional Association v. McComb, 394 So.2d 471 (Fla. 4th DCA 1981). In Johnson v. Wells, 72 Fla. 290, 73 So. 188 (1916), the court reasoned that such conclusiveness is required because the parties have, by agreement, substituted a tribunal of their own choosing for the forum provided by law. The court in Johnson noted that to permit a dissatisfied party to set aside an arbitration award and invoke the judgment of the court on the merits would destroy the purpose of arbitration. Id. 73 So. at 190-191. See also City of West Palm Beach v. Palm Beach County Police Benevolent Association, 387 So.2d 533 (Fla. 4th DCA 1980).
Even if the arbitrators' award in this case were the equivalent of "no award" as the trial court stated, the only proper remedy would be to remand the case to the arbitration panel for further consideration. See Davidson v. S.S. Jacobs Co., 93 So.2d 731 (Fla. 1957) (although arbitration award was worthless, the matter should be remanded to the arbitration panel for a full, complete, accurate and just arbitration award by which the parties must be bound). The remedy of a trial on the merits is not available since the parties, by agreement, have opted for a non-judicial forum. Accordingly, the trial court clearly departed from the essential requirements of law, not only in ignoring the statutory remedies, but also in ignoring the forum chosen by the parties.
Accordingly, we grant the School Board's petition for writ of certiorari and quash the order of the trial court. We remand the cause with directions to either confirm the award, or to vacate the award on grounds provided by the Florida Arbitration Code, and remand to the arbitration panel for further proceedings.
Petition for writ of certiorari GRANTED, order QUASHED, case REMANDED with directions.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] § 682.20, Fla. Stat. (1987).
[2] §§ 682.12, 682.13, 682.14, Fla. Stat. (1987).
[3] § 682.13(1)(a-e), Fla. Stat. (1987).