556 So.2d 477 (1990)
Clyde T. BOWMAN, et al., Petitioners,
v.
James J. CORBETT, et al., Respondents.
No. 89-2223.
District Court of Appeal of Florida, Fifth District.
February 1, 1990.
*478 Michael D. Holliday, Melbourne, for petitioners.
No appearance for respondents.
COWART, Judge.
The issue in this case is whether a prevailing party may recover an award of attorney's fees in a breach of contract action without having pled a contractual right to such an award.
Clyde and Velma Bowman entered into a real estate agreement with James and Mary Corbett which included the standard provision for the recovery of attorney's fees to the prevailing party in connection with any litigation arising out of the contract. The Corbetts subsequently filed, in the county court, a breach of contract action against the Bowmans. In responding to the complaint, the Bowmans failed to plead an entitlement to attorney's fees under the contract. The Corbetts voluntarily dismissed their action against the Bowmans the day before the scheduled jury trial. The Bowmans thereafter filed a motion for attorney's fees as the prevailing party. The county court found that the Bowmans were the prevailing party and accordingly awarded attorney's fees to them. The Corbetts appealed to the circuit court, which held that the Bowmans were not entitled to an award of attorney's fees since they did not allege and request such an award in their pleadings. The circuit court relied on Altamonte Hitch & Trailer Service v. U-Haul Co., 498 So.2d 1346 (Fla. 5th DCA 1986), which held that a party entitled to an award of attorney's fees based on a contractual right must specifically allege that claim in the pleading.
The Bowmans seek certiorari review in this court, arguing that the circuit court departed from the essential requirements of law in reversing the award of attorney's fees. The Bowmans assert that Altamonte Hitch, supra, no longer has validity in light of subsequent supreme court decisions.
In Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla. 1986), the jury in a medical malpractice action returned a verdict in favor of the plaintiffs. Although the plaintiffs had pled a claim for attorney's fees based on a then existing statutory right[1], the final judgment did not dispose of their claim for attorney's fees or expressly reserve jurisdiction for that matter. After the final judgment was rendered, the plaintiffs filed a motion seeking recovery of attorney's fees. The trial court granted the motion, but the district court of appeal reversed, finding that the trial court's order was void for lack of jurisdiction. The supreme court held that the trial court properly exercised its jurisdiction when it awarded attorney's fees to the plaintiffs. The supreme court stated that the plaintiffs should not be deprived of their substantive right to attorney's fees merely because the final judgment did not contain the magic words "jurisdiction is reserved." The supreme court concluded that a post-judgment motion for attorney's fees raises a collateral claim which the trial court has continuing jurisdiction to entertain within a reasonable time, notwithstanding that the litigation of the main claim may have been concluded with finality.
In Cheek v. McGowan Electric Supply Co., 511 So.2d 977 (Fla. 1987), the holder of a promissory note pled his entitlement to attorney's fees in an action for recovery pursuant to the note. The promissory note provided that the maker would pay reasonable attorney's fees incurred in collecting the sums due under the note. The holder, who was successful in his action, did not present any proof at trial regarding a reasonable award of attorney's fees, and presented proof for the first time in a post-judgment hearing. The trial court awarded attorney's fees, and the district court of appeal affirmed, holding that attorney's fees predicated upon a provision in a contract may be awarded upon proof presented after a final judgment. The supreme court approved the decision of the district court and rejected the argument that the non-prevailing party had a right to a jury *479 determination of a reasonable attorney's fee. The supreme court held that proof of attorney's fees, whether such fees are provided for by statute or by contract, may be presented for the first time after final judgment pursuant to a motion.
In Mystery Fun House, Inc. v. Magic World, Inc., 417 So.2d 785 (Fla. 5th DCA 1982), this court held that in a jury trial, a claim for attorney's fees predicated upon a provision in a contract between the parties is an element of damages and proof relating to that issue must be presented to, and determined by, the jury. This holding is apparently no longer valid in light of Cheek, supra. However, the question remains as to whether the supreme court has implicitly disapproved of this court's holding in Altamonte Hitch, supra, that a claim for attorney's fees must be pled.
The supreme court in Finkelstein, supra, referred to the prevailing party's statutory entitlement to attorney's fees as a "substantive right." 484 So.2d at 1241. However, in Cheek, supra, the supreme court states, "A contractual provision authorizing the payment of attorney's fees is not part of the substantive claim because it is only intended to make the successful party whole by reimbursing him for the expense of litigation." 511 So.2d at 979. By this language the supreme court apparently meant that the claim of attorney's fees is not a necessary element in the cause of action for breach of contract. Harmonizing the reasoning and language of Finkelstein and Cheek leads us to conclude that a contractual right to the recovery of attorney's fees is a substantive right which is ancillary to the main substantive right (the breach of contract cause of action). However, a contractual right to an award of attorney's fees is not a freestanding substantive right which may be pled for the first time after rendition of the final judgment in the main breach of contract claim. To avoid a multiplicity of actions, all claims arising out of a single contract should be determined in one action. Therefore, a claim for attorney's fees under a contract must be pled in conjunction with the main breach of contract cause of action, as an ancillary claim or counterclaim, although, under Cheek, proof as to the issue of attorney's fees may be presented for the first time after disposition of the main claim to which the attorney's fee claim is ancillary. This should be practiced because often the disposition of the main claim in favor of a claimant is a prerequisite for an award of attorney's fees as "prevailing party." Although proof of the amount of reasonable attorney's fees may be presented for the first time in a post-judgment hearing, the claim for attorney's fees must first be pled; unlike a procedural remedy, a substantive right cannot be raised for the first time and determined pursuant to a post-judgment motion. Cf. Xanadu of Cocoa Beach, Inc. v. Lenz, 504 So.2d 518 (Fla. 5th DCA 1987).
The prevailing parties in both Finkelstein and Cheek pled their claim to attorney's fees. That is an important distinguishing factor as the prevailing defendants in this case did not plead their right to recover attorney's fees under the contract. Normally in law, a party who fails to plead a right (cause of action) when under applicable court rule of procedure it should be pleaded, is deemed to have waived that right.
We recognize that there is conflict among the district courts of appeal concerning whether Altamonte Hitch and other like cases are still applicable in light of the subsequent supreme court decisions of Finkelstein and Cheek. As to this view, we agree with the Second District, which continues to hold there may be no recovery of attorney's fees when a party fails to plead its entitlement to such an award. See Millard v. Brannan, 553 So.2d 1248 (Fla. 2d DCA 1989) and disagree with the Third District, see Protean Investors, Inc. v. Travel Etc., Inc., 519 So.2d 7 (Fla. 3rd DCA 1987), rev. denied, 518 So.2d 1277 (Fla. 1987). Since this court has not receded from Altamonte Hitch, and the holding in that case has not been overruled by the supreme court, the circuit court was bound to follow that precedent. Finding no departure from the essential requirements of *480 law, we deny the petition for writ of certiorari.
PETITION DENIED.
DANIEL, C.J., and DAUKSCH, J., concur.
NOTES
[1] See § 768.56(1), Fla. Stat. (1981).