567 So.2d 899 (1990)
GLOBE AUTO IMPORTS, INC., Appellant,
v.
Thomas A. GOLDEN and Lolita Golden, His Wife, Appellees.
No. 89-02858.
District Court of Appeal of Florida, Second District.
August 10, 1990.
On Motion for Certification October 12, 1990.
Howard C. Batt, P.A., Clearwater, for appellant.
C.A. Sullivan of McFarland, Gould, Lyons & Sullivan, P.A., Clearwater, for appellees.
PARKER, Judge.
Globe Auto Imports, Inc., who was a defendant in the trial court, appeals a final order denying its post-arbitration request for attorney's fees and costs pursuant to the parties' contract. We affirm the trial court's order as to attorney's fees and reverse that order as to costs.
Thomas and Lolita Golden, the appellees, filed a complaint seeking damages from Globe Auto for breach of lease extension agreement and lease agreement. Paragraph 8 of lease agreement provides:
In the event this Lease need be placed in the hands of an attorney for enforcement, it is agreed between the parties *900 that the party failing to prevail shall pay all costs in connection with said representation, including reasonable attorneys fees to the prevailing party.
The Goldens' complaint did plead for attorneys' fees pursuant to this lease provision. Globe Auto did not plead for attorneys fees in its answer and affirmative defenses. Following referral of this matter to arbitration by the trial court, an arbitration hearing was held. The arbitrator's award found for Globe Auto, awarded zero damages, and provided for the assessment of costs, if applicable. A final judgment was entered confirming the arbitrator's award.
Globe Auto moved to tax attorney's fees and costs as the prevailing party in the court-ordered arbitration. The Goldens moved to quash this motion. Globe Auto's demand for fees and costs as the prevailing party was first raised, pleaded, and proven post trial (in a quasi judicial arbitration proceeding). The trial court denied Globe Auto's request for an award of attorney's fees and costs and denied a request for rehearing on the issue.
We affirm the trial court in its denial of Globe Auto's request for attorney's fees pursuant to contract. As this court recently stated in Millard v. Brannan, 553 So.2d 1248 (Fla. 2d DCA 1989):
Although there was an attorney's fee provision in the lease which the parties signed, we note that neither the Millards nor the Rices sought attorney's fees in their pleadings or proof in the distress for rent action. There is no entitlement to attorney's fees when a party fails to plead or prove its entitlement to such an award. Coons v. Shriver, 429 So.2d 27 (Fla. 2d DCA 1983). We recognize that this holding is in conflict with the third district's decision in Protean Investors, Inc. v. Travel Etc., Inc., 519 So.2d 7 (Fla. 3d DCA), review denied, 518 So.2d 1277 (Fla. 1987)... . [W]here the Millards and the Rices failed to plead their entitlement to or demand attorney's fees in the distress action and also failed to prove the fee issue at trial (so that we could say that it was tried by consent), then the trial court did not err in failing to award attorney's fees for the distress action.
Millard, 553 So.2d at 1251. On rehearing, this court further observed:
In summary, although all districts have held that it is unnecessary to plead a claim for statutory attorney's fees, only the third district has held that a party is not required to plead a claim for attorney's fees based on contract. In this case, Millard's entitlement to fees is derived from a provision in the lease and therefore is a contractual right. [Footnote omitted.] We have found nothing in our review of the cases to mandate a modification of our holding in our original opinion. The Millards' initial failure to plead their entitlement to or to demand attorney's fees in the distress action and their further failure to prove the fee issue at trial now prevents Millard's recovery of fees.
Millard, 553 So.2d at 1252.
However, the trial court erred in its order denying costs to Globe Auto. As the Fifth District Court recently stated in Oriental Imports, Inc. v. Alilin, 559 So.2d 442 (Fla. 5th DCA 1990):
The issue of recovery of costs is resolved by section 57.041 prescribing that "[t]he party recovering judgment shall recover all his legal costs and charges which shall be included in the judgment...." This court has previously stated "that section 57.041 mandates that every party who recovers a judgment in a legal proceeding is entitled as a matter of right to recover lawful court costs and that a trial judge has no discretion under that statute to deny court costs to the party recovering the judgment."
Alilin, 559 So.2d at 443 (citations omitted). We, therefore, reverse only that portion of the trial court's order denying Globe Auto's request for costs and remand the cost issue for further proceedings.
Affirmed in part; reversed in part and remanded for further proceedings.
RYDER, A.C.J., and ALTENBERND, J., concur.

*901 ON MOTION FOR CERTIFICATION
PER CURIAM.
Upon our consideration of appellant's motion for certification, we grant the motion and, as the Fourth District did in Downs v. Stockman, 555 So.2d 867 (Fla. 4th DCA 1989), certify the following question to our supreme court as one of great public importance:
MAY A PREVAILING PARTY RECOVER ATTORNEY'S FEES AUTHORIZED IN A CONTRACT OR STATUTE BY A MOTION FILED WITHIN A REASONABLE TIME AFTER ENTRY OF A FINAL JUDGMENT, WHICH MOTION RAISES THE ISSUE OF ATTORNEY'S FEES FOR THE FIRST TIME?
RYDER, A.C.J., and PARKER and ALTENBERND, JJ., concur.