GRIFFIN, Judge.
This is the appeal of a denial of a motion for attorneys’ fees made subsequent to an arbitration proceeding. We affirm.
This case arose out of a dispute between a general contractor, a subcontractor, and a sub-subcontractor concerning the construction of a commercial complex known as Crossroads Business Center Phase I (“Crossroads”). Crossroads was owned by Vantage Properties of Florida, Inc. (“Vantage”). Charter Builders, Inc. (“Charter”), a Texas corporation, was the general contractor and the predecessor in interest to the appellant, PRG of Texas, Inc. (“PRG”), also a Texas corporation. Appellee, Oviedo Material, Inc., a Florida corporation, and Robert, Ralph and John Martin, a joint venture (“Oviedo”), was a subcontractor engaged to do site work on the property.
This action was originally commenced by Apple Underground Utilities, Inc. (“Apple”), a sub-subcontractor engaged by Oviedo to do all sewer, water, and wet-well work on the project. Apple sued Oviedo for monies allegedly due it under its sub-subcontract with Oviedo.[1] Oviedo answered and filed a third-party complaint against Charter and PRG, seeking payment for certain construction work performed on the property pursuant to their subcontract. It is out of this third-party action that this appeal rises.
PRG did not answer the third-party complaint; instead it moved to compel arbitration of Oviedo’s claims pursuant to its subcontract. PRG also moved to dismiss or strike portions of the third-party complaint or for an abatement of the third-party action pending resolution of the arbitration proceeding. Next, based upon a stipulation between the parties, the court entered an order granting PRG’s motion to compel arbitration and deferred ruling on PRG’s motion to dismiss and strike portions of the complaint pending completion of the arbitration. The parties then proceeded to arbitration of the third-party claim.
In Oviedo’s demand for arbitration, the nature of the dispute was stated as follows:
Balance due [Oviedo] for services rendered in connection with a subcontract agreement entered into with Charter Builders, Inc. as contractor, and Vantage Properties of Florida as owner.
The record does not reveal whether PRG and Vantage ever filed an answer to this demand, or whether they filed their own claim.[2] After the arbitration hearing, the arbitrator rendered the following decision:
The arbitrator finds in favor of Respondent, PRG OF TEXAS, INC. F/K/A CHARTER BUILDERS, INC. and VANTAGE PROPERTIES OF FLORIDA but awards no monetary relief.
The administrative fees of the American Arbitration Association totaling ONE THOUSAND SIX HUNDRED SEVENTY-FIVE DOLLARS AND SEVENTY-FIVE CENTS ($1,675.75) shall be borne equally by both parties. Therefore, Respondent shall pay to Claimant, OVIEDO *915 MATERIAL, INC., the sum of EIGHT HUNDRED THIRTY SEVEN DOLLARS AND EIGHTY-SEVEN CENTS ($837.87) for that portion of its share of administrative fees previously advanced by Claimant to the Association.
This Award is in full settlement of all claims submitted to this arbitration.[3]
Following the rendition of the arbitrator’s award, PRG filed a motion in the trial court to recover attorneys’ fees incurred during the arbitration[4] and an alternative motion for summary judgment as to attorneys’ fees. Both motions were based on paragraph 29 of the subcontract between Charter and Oviedo which provided as follows:
29. ATTORNEYS FEES. In the event SUBCONTRACTOR defaults in the performance of any of the terms, covenants, agreements or conditions contained in this subcontract and CONTRACTOR places in the hands of attorneys the enforcement of all or any part of this subcontract, then SUBCONTRACTOR agrees to pay CONTRACTOR reasonable attorneys fees for the services of such attorney, whether suit is actually filed or not.[5]
In its motion for summary judgment, PRG argued that a finding that Oviedo was in “default” under the subcontract was inherent in the arbitrator’s award.[6]
In its response to the motion for attorneys’ fees, Oviedo argued, among other things, that PRG was prohibited from seeking attorneys’ fees in the trial court because PRG had not raised the issue of its entitlement to fees during the arbitration proceeding. The trial judge ruled that PRG lost the right to seek attorneys’ fees in connection with the arbitration by its failure to raise this issue prior to arbitration.
PRG contends the procedure it followed was correct because the arbitrator is not allowed to hear the issue of attorneys’ fees; fees must be determined by the trial court. In particular, PRG relies on Loxahatchee v. Guy Villa and Sons, Inc., 371 So.2d 111 (Fla. 4th DCA 1978), cert. denied, 378 So.2d 346 (Fla.1979) in which the court found that section 682.11, Florida Statutes (1975), prohibited the arbitrator from awarding attorneys’ fees. The statute provides as follows:
Fees and expenses of arbitration — Unless otherwise provided in the agreement or provision for arbitration, the arbitrator’s and umpire’s expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.
§ 682.11, Fla.Stat. (1975). Based on this statute, the Loxahatchee court found that where a dispute is submitted to arbitration, “the proper place to determine the entitlement to and amount of attorneys’ fees authorized by statute or contract is in the circuit court upon application for confirmation of the award.” Id. at 113 (emphasis added). According to the Loxahatchee court, the reason the legislature saw fit to eliminate attorneys’ fees from the subject matter jurisdiction of arbitration was that:
[Arbitrators are generally businessmen chosen for their expertise in the particular subject matter of the suit and to exclude from their domain the consideration of what is a reasonable fee for legal services is quite logical.
Id. at 113, quoting Tassinari v. Loyer, 189 So.2d 651, 653 (Fla. 2d DCA 1966). This holding has been followed by a number of courts. See, e.g., Fewox v. McMerit Constr. Co., 556 So.2d 419 (Fla.2d DCA 1989);[7] Zac Smith & Co. v. Moonspinner *916 Condo. Ass’n, Inc., 534 So.2d 739 (Fla. 1st DCA 1988).[8]
In Loxahatchee there was no provision in the construction contract controlling the issue of attorneys fees. There the parties entered into a later stipulation authorizing the arbitrators “to award to the party whose contention is sustained any sums they shall consider proper for the time, expense and trouble incident to the arbitration.” 371 So.2d at 112. It is therefore unclear to what entitlement issue the Loxa-hatchee court referred. Fees were award-able to the “prevailing party.” Most likely, “entitlement” referred to the legal issue of whether the stipulation was intended to include fees. Unlike Loxahatchee, where fees were awardable to the “prevailing party,” here we are faced with a contractual basis for the fee award hinging on “default.”
A “default” fees clause was at issue in Tassinari v. Loyer, 189 So.2d 651 (Fla.2d DCA 1966). There, a subcontractor sued a general contractor for failure to pay the balance due under a construction contract. The contractor counterclaimed, alleging certain setoffs and the failure of the plaintiff to complete the work as required, and requested attorneys’ fees. The subcontract provided for the payment of attorneys’ fees by the subcontractor in the event such fees were “incurred by the defendant in enforcing the contract as the result of any default on the part of plaintiff.” The Tassinari court found that, although the trial court should determine a reasonable attorney fee, the issue of whether there had been a default on the part of the subcontractor which would entitle the contractor to attorneys’ fees was to be determined by the arbitrator.[9]
Following Tassinari, in Haskell Co. v. Sherway Application Co., Inc., 477 So.2d 1067 (Fla.2d DCA 1985) the Second District Court explained the need to timely assert arbitrable issues:
Certainly, the question of whether the contract allowed an award of attorney’s fees to the prevailing party in arbitration should have been raised at the arbitration level. This is a matter of contract construction and would have allowed all controversies arising out of the contracts to be submitted to the arbitrators for resolution. Haskell’s action in this case has defeated a purpose of arbitration, to avoid the delay caused by litigation.
Id. at 1068. We agree with Loxahatchee that attorneys fees incurred in arbitration are recoverable when provided for by contract and that the amount of the fee should be set by the circuit court; however, we conclude that certain issues relevant to attorneys’ fees must be determined by the arbitrator, and that the failure to submit those issues to the arbitrator constitutes a waiver.
The present case is an excellent illustration of why this is so. Here the contractor was only entitled to recover attorneys fees if the subcontractor defaulted in performance of any of the terms of the subcontract. “Default” lies peculiarly within the expertise of the arbitrator and is precisely the issue usually arbitrated in a construction case. It would be illogical, as in this case, to arbitrate the subcontractor’s claim for monies claimed due under the contract and then go to the circuit court to obtain an adjudication whether the reason no monies were due the subcontractor was that the subcontractor was in default. To make the determination whether Oviedo was in default of its duties under the subcontract, or whether there was some other reason why it was not entitled to be paid, the circuit court would either have to review the transcript of the arbitration pro- *917 ceedings (if there were one) or conduct another evidentiary hearing. To resort to such a procedure to determine attorneys’ fees would be absurd.
PRG’s argument that the arbitrator’s decision in its favor on Oviedo’s claim requires the conclusion that Oviedo was in default is not convincing. Oviedo maintains the only issue involved in the arbitration was PRG’s default, not Oviedo’s. Although it may be true that Oviedo’s own default was the reason it did not prevail, there are many other reasons why the arbitrator may have found in favor of PRG. A few that immediately come to mind are: failure of proof by Oviedo; a “pay when paid” clause contained in the subcontract; a misperception by Oviedo of its own rights under the subcontract, or, simply, mathematical error.
Oviedo’s position concerning waiver is bolstered by recent decisions holding that a claim for attorneys’ fees is a substantive claim which cannot be raised for the first time by post-trial motion. Oviedo relies on Bowman v. Corbett, 556 So.2d 477 (Fla. 5th DCA 1990), in which this court held that a prevailing party may not recover an award of attorneys’ fees in a breach of contract action without having pled a contractual right to such an award.[10] The Bowman ease involved an action for a breach of real estate contract which included the standard provision for the recovery of attorneys’ fees to the prevailing party in connection with any litigation arising out of the contract. In answering the complaint, the defendants failed to plead an entitlement to attorneys’ fees under the contract. When the plaintiffs voluntarily dismissed their action, the defendants filed a motion for attorneys’ fees as the prevailing party.
On appeal, this court affirmed an order denying attorneys’ fees on the ground that defendants had not alleged and requested such an award in their pleadings. This court concluded that a contractual right to the recovery of attorneys’ fees “is not a free standing substantive right which may be pled for the first time after rendition of the final judgment in the main breach of contract claim.” Id. at 479. A claim for attorneys’ fees under a contract must be pled in conjunction with the main breach of contract cause of action, although proof of the amount of attorneys’ fees may be presented for the first time after disposition of the main claim to which the attorneys’ fees claim is ancillary. Because we have concluded the issue of entitlement to attorneys’ fees in this case is a matter to be decided by the arbitrator, the claim for fees must have been asserted before the arbitration so that the issue could be resolved there. The rule of Bowman is even more compelling in this context because, unlike most civil suits, the arbitration fee award will be made by someone other than the person(s) who conducted the hearing on the merits.
We hold that where a claim is arbitrated and contractual entitlement to attorneys’ fees depends upon a determination of substantive issues, the claim is waived if not properly asserted prior to the arbitration hearing.
AFFIRMED.
HARRIS and PETERSON, JJ., concur.

. The claims made under the primary complaint were eventually settled.

. The Construction Industry Arbitration Rules (“CIAR”) of the American Arbitration Association ("AAA”) under which the parties in this case agreed to arbitrate required the parties to state the nature of the dispute between them prior to the arbitration. Under the CIAR, the parties are required in their demand, to state, at minimum, the nature of the dispute, the amount involved, the remedy sought, and the hearing locale requested. CIAR, Rule 6. Either party desiring to file a "new or different” claim after arbitration has begun may do so by filing a written claim with the AAA, but after the arbitrator has been appointed, his consent must be obtained prior to the filing of any amendment. CIAR, Rule 8.

. No transcript of the arbitration hearing is contained in the record.

. PRG also sought to recover attorney’s fees for proceedings before the circuit court.

. We disagree with Oviedo’s contention that this provision has no application to arbitration proceedings because the arbitration provision in the subcontract apportions expenses but makes no reference to attorneys’ fees.

. The motion for summary judgment asserts that Oviedo’s claim was for sums PRG had "backcharged” Oviedo.

. In Fewox, the court certified the following question: DOES SECTION 682.11, FLORIDA *916 STATUTES (1987), PROHIBIT AN AWARD OF ATTORNEY’S FEES INCURRED DURING ARBITRATION PROCEEDINGS, OR DOES IT MERELY PROHIBIT THE ARBITRATOR FROM MAKING SUCH AN AWARD?

. Without commenting on the precise issue, this court has implicitly approved a post-arbitration award of statutory attorney’s fees by the trial court. See Insurance Co. of North America v. Acousti Engineering Co., 549 So.2d 790 (Fla. 5th DCA 1989), juris. accepted, 557 So.2d 866 (Fla. 1990).

. The text of the statute relied on in Tassinari is identical to the text of section 682.11, Florida Statutes (1989).

. See also Globe Auto Imports, Inc. v. Golden, 567 So.2d 899 (Fla.2d DCA 1990), question certified, 567 So.2d 899 (Fla.2d DCA 1990).