PER CURIAM.
This appeal arises from the trial court’s confirmation of an arbitration award. Appellant, Andrew H. Warner, Inc. (“Warner”), contends that the trial court erred in entering a judgment not in conformity with the arbitration award. We agree and reverse.
Appellee, Siga, Inc. (“Siga”), had subcontracted with Warner to provide landscaping materials and services to Warner, the contractor for the Markham Park project in Broward County. Siga filed a demand for arbitration, stating that the nature of the dispute was that Warner had breached the terms of the subcontract by failing to pay “amounts due and owing” to Siga. The arbitration award stated in pertinent part:
The Arbitrators, having considered all of the evidence presented by the Parties on their Claims and Counterclaims, find that the Claimant, SIGA, INC., has not been paid under the contract the sum of Sixty-Four Thousand Eight Hundred Seventy Eight Dollars ($64,878.00), after allowing a portion of the Respondent, ANDREW H. WARNER, INC.’s Counterclaim. This sum is not presently due, pursuant to the contract provisions. All other Claims by SIGA, INC. have been disallowed.
Although the arbitrators determined that each party would bear its own costs and attorney’s fees, the parties stipulated to vacating the arbitration award as to attorney’s fees only, and agreed that the “prevailing party” should get its fees.
Siga moved for modification of the arbitration award, requesting that the trial court modify the award to reflect that the $64,-878.00 was “presently due.” The trial court subsequently entered the final judgment, which states:
1. The Award of the Arbitrators in the matter of Siga, Inc. and Andrew H. War *628 ner, Inc., American Arbitration Case No. 32-110-00319-92 be, and the same is, hereby confirmed as follows.
2. Siga, Inc., shall have and recover from Andrew H. Warner, Inc., the sum of $64,-878.00, plus interest thereon at the rate of twelve percent (12%) per annum or the legal rate from the date of October 19, 1994, until paid in full, which execution shall not issue until completion of the requirements of the contract between the parties.
[[Image here]]
4. This Honorable Court has determined that Siga, Inc. is the prevailing party and as such is entitled to recover its reasonable attorneys’ fees and costs from Andrew H. Warner, Inc.
In final judgments taxing attorneys’ fees and costs, the trial court awarded Siga $138,-000.00 in attorney’s fees and $16,706.00 in costs.
In confirming an arbitration award, the trial court must enter a judgment in conformity with the arbitration award. See § 682.15, Fla. Stat. (1993); Allstate Ins. Co. v. Langston, 358 So.2d 1387 (Fla. 3d DCA 1978). “The courts’ standard of review to be applied to arbitration awards is very limited and a high degree of conclusiveness attaches to the award.” District School Bd. of St. Johns County v. Timoney, 524 So.2d 1129, 1131 (Fla. 5th DCA 1988); accord Fraternal Order of Police v. City of Miami, 598 So.2d 89, 91 (Fla. 3d DCA 1992).
In this ease, the trial court tried to resolve the inherent conflict in an ambiguous arbitration award. Although the arbitration award determined that Siga had not been paid $64,-878.00 under the contract, the award stated that this sum was “not presently due, pursuant to the contract provisions” but failed to specify which contract provisions or to give any reason as to why the money was not presently due. The award was also ambiguous in that it stated all other claims by Siga were disallowed, suggesting that Siga’s claim to the $64,878.00 not paid under the contract had been “allowed.” The trial court was clearly troubled by the language of the arbitration award, noting that the “not presently due” language “just doesn’t mean anything” and that there has to be “some kicker” to allow the judgment to be enforced. As a result, in confirming the award, the trial court used the language that Siga “shall have and recover ... $64,878.00,” which execution shall not issue “until the completion of the requirements of the contract between the parties.”
Such language amounted to a substitution of judgment by the trial court as to why the sum of $64,878.00 was not presently due, which was improper in light of the trial court’s limited standard of review. Cf. PRG, Inc. v. Oviedo Material, Inc., 569 So.2d 913 (Fla. 5th DCA 1990). Although the trial court feared that the language of the arbitration award did not mean anything, the statement that the $64,878.00 was not “presently due” amounts to a finding for Warner. See, e.g., Astwood v. Wanamaker, 26 Pa. Super. 591 (Pa.Sup.Ct.1904) (arbitration award which found that defendant was not indebted to plaintiff at that time because certain conditions had not been met was equivalent to finding for defendant). Thus, the trial court erred by entering a judgment not in conformity with the arbitration award.
Accordingly, the trial court erroneously concluded that Siga was the prevailing party. The arbitration panel’s determination that the $64,878.00 was not presently due was effectively a determination that Siga had not prevailed on Siga’s only allowed claim, i.e., that Warner had breached the subcontract by failing to pay amounts due and owing to Siga. See Moritz v. Hoyt Enters., Inc., 604 So.2d 807 (Fla.1992).
Finally, the trial court’s final judgment was not in conformity with the arbitration award as it provided for the accrual of interest on the $64,878.00 from October 19, 1994, although a determination as to interest was entirely absent from the arbitration award.
We therefore reverse the final judgment as not in conformity with the arbitration award, and vacate the final judgments taxing attorneys’ fees and costs. On remand, the trial court can enter a final judgment in conformity with the arbitration award consistent with *629 this opinion, or it can submit the award to the arbitration panel for clarification pursuant to sections 682.10 and 682.12, Florida Statutes (1993). See Timoney, 524 So.2d at 1131; see also Dade County Police Benevolent Ass’n v. City of Homestead, 642 So.2d 24, 25 (Fla. 3d DCA 1994).
REVERSED AND REMANDED for further proceedings consistent with this opinion.
GLICKSTEIN and STEVENSON, JJ., and BROWN, LUCY C., Associate Judge, concur.